**UNITED STATES, Appellee,**

v.

**Private E1 Melissa A. MAXWELL, United States Army, Appellant.**

**ARMY 20000393.**

U.S. Army Court of Criminal Appeals.

7 June 2002.

For Appellant: Colonel Adele H. Odegard, JA; Lieutenant Colonel E. Allen Chandler, Jr., JA; Major Mary M. McCord, JA; Captain Mary C. Vergona, JA (on brief).

For Appellee: Colonel Steven T. Salata, JA; Major Paul T. Cygnarowicz, JA (on brief).

Before CANNER, Senior Judge, CARTER, and HARVEY, Appellate Military Judges.

## OPINION OF THE COURT

CANNER, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, in accordance with her pleas, of desertion terminated by apprehension and wrongful appropriation of a motor vehicle in violation of Articles 85 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 885 and 921 [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge and confinement for five months and directed that appellant be credited with ten days of confinement against her sentence to confinement.

In this Article 66, UCMJ, 10 U.S.C. § 866, appeal, appellant asserts that she is entitled to relief for unreasonable delay in the post-trial processing of her case. *See United States v. Bauerbach,* 55 M.J. 501 (Army Ct. Crim.App.2001); *United States v. Collazo,* 53 M.J. 721, 724–27 (Army Ct.Crim.App.2000). It took the government almost twelve months after trial to authenticate a 384–page record of trial and another two months from authentication to complete the convening authority's action, even though appellant waived submitting matters pursuant to Rule for Courts–Martial [hereinafter R.C.M.] 1105.[1]

We have read the 11 October 2001 affidavit of the Chief, Criminal Law Division of the servicing Staff Judge Advocate (SJA) Office concerning the shortage of court reporters and the abundance of records to transcribe during the time period encompassing this case. Although not mentioned by appellee,

we also note the 18 February 2001 memorandum in the allied papers that was written by the same Chief, Criminal Law Division. This memorandum documents that the record of trial was served on defense counsel on 29 December 2000 for correction prior to sending it to the military judge for authentication. *See* R.C.M. 1103(i)(1)(B). The memorandum also indicates that it was the policy of the Senior Defense Counsel at Fort Lewis, Washington that defense counsel had five duty days to submit errata to records of trial. The memorandum then documents that fifty-one days had passed without response after service of the record of trial on defense counsel. On 18 February 2001, the record of trial was finally forwarded to the military judge without defense errata.

*Collazo* imposes obligations on trial defense counsel, as well as the government, to ensure that an accused's case is timely processed in the post-trial phase. "When the record of trial is not prepared in a timely manner, defense counsel should request specific relief from the convening authority under R.C.M. 1105 concerning the findings of guilty or the sentence, tailored to the facts and circumstances of the particular case, and supported by demonstrated prejudice." *Collazo,* 53 M.J. at 725 n. 2. That did not happen in this case. In fact, the trial defense counsel's delay in reviewing the record of trial contributed to the denial of appellant's fundamental right "to secure the convening authority's action as expeditiously as possible, given the totality of the circumstances in [appellant's] case." *Collazo,* 53 M.J. at 727.

Defense counsel bear responsibility for timely submissions and we will not hold their undue delay against the government. Notwithstanding the foregoing, the government must remain vigilant over the entire post-trial processing phase of the case. Waiting fifty-one days to take corrective action and forward the record to the military judge is far too long when the local defense standard for submitting errata was five duty days. Even if we subtracted the entire fifty-one

---

1. Appellant was sentenced on 3 March 2000. The record of trial was completed and served on the defense counsel on 29 December 2000. The

military judge authenticated the record of trial on 26 February 2001. The convening authority took action on 27 April 2001.

days attributed to the defense in this case, that still leaves an excessive delay of more than ten months between trial and authentication.

Additionally, two months passed between authentication of the record of trial and the convening authority's action, even though appellant waived submission of R.C.M. 1105 matters. After receipt of the defense waiver, it took sixteen days for the government to prepare and execute a one-page addendum to the SJA's post-trial recommendation (SJAR).[2] This is too long, as well, and also indicates a lack of vigilance.

> As we noted in *Collazo*, 53 M.J. at 725 n. 4:
> The increasing number and regularity of other post-trial processing errors heighten our concern. These errors indicate a lack of attention to detail, a lack of understanding as to proper post-trial processing requirements, or a lack of urgency because the case is "post-trial" and there are no meaningful sanctions for tardy or sloppy work. Whatever the reason, this attitude has to change.

This is particularly true where, as here, the convening authority has lost the option of mitigating appellant's confinement at the time of action in large part because of excessive post-trial processing delay.

We are aware that concern for processing times can become excessive; indeed, we have experienced that in the past. We are also aware that arbitrary and inflexible rules are often a reaction to injustices that persist too long without attention. There is a middle ground—that which is checked, gets done. "The Judge Advocate General or senior members of his staff shall make frequent inspection in the field in supervision of the administration of military justice." Article 6(a), UCMJ, 10 U.S.C. § 806(a). An inquiry about post-trial processing time by a general officer on a field visit would give a SJA the opportunity to praise his or her hard-working, post-trial processing personnel; or to validate a resource issue with the convening authority, and budget and personnel managers; or to emphasize to his or her staff how important prompt post-trial processing is to

a core competency of The Judge Advocate General Corps—military justice. It is time for all parties to the military justice system to pay attention to the need for prompt and accurate post-trial processing.

Considering the record as a whole and the totality of the circumstances surrounding the post-trial processing of appellant's case, we agree that appellant is entitled to relief. *See* UCMJ art. 66(c); *Collazo*, 53 M.J. at 727.

The findings of guilty are affirmed. After considering the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge and confinement for four months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of her sentence set aside by this decision, are ordered restored as mandated by Article 75(a), Uniform Code of Military Justice.

Judges CARTER and HARVEY concur.

---

2. The convening authority took action on the same day he received the SJAR.