UNITED STATES, Appellee,

v.

Private E2 William C. HARMS, United States Army, Appellant.

ARMY 9701529.

U.S. Army Court of Criminal Appeals.

22 Feb. 2002.

For Appellant: Colonel Adele H. Odegard, JA; Lieutenant Colonel David A. Mayfield, JA; Major Mary M. McCord, JA; Captain Mary C. Vergona, JA (on brief); Colonel Adele H. Odegard, JA; Lieutenant Colonel E. Allen Chandler, Jr., JA; Major Mary M. McCord, JA; Captain Mary C. Vergona, JA (on reply brief).

For Appellee: Colonel Steven T. Salata, JA; Lieutenant Colonel Denise R. Lind, JA; Major Margaret B. Baines, JA; Captain Braulio Mercader, JA (on brief); Colonel Steven T. Salata, JA; Major Margaret B. Baines, JA; Captain Braulio Mercader, JA (on supplemental brief).

Before CAIRNS, Senior Judge, BROWN, and HATTEN, Appellate Military Judges.

OPINION OF THE COURT

HATTEN, Judge:

A military judge, sitting as a special court-martial empowered to adjudge a bad-conduct discharge, convicted the appellant, pursuant to his pleas, of assaulting a noncommissioned officer, and communicating a threat (two specifications), in violation of Articles 91 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891 and 934 [hereinafter UCMJ]. The appellant was sentenced to a bad-conduct discharge, confinement for three months, forfeiture of $600.00 pay per month for three months, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for thirty days, forfeiture of $600.00 pay per month for one month, and reduction to Private E1.

In his Article 66, UCMJ, 10 U.S.C. § 866, appeal, the appellant asserts two errors. The appellant first asserts that the military judge erred when he did not sua sponte order a sanity board hearing pursuant to Rule for Courts–Martial [hereinafter R.C.M.] 706. At trial, the defense neither requested a sanity board nor raised any issue regarding the appellant's sanity. Our review of the record fails to identify a reason for the military judge to conclude that there was "reason to believe that the accused lacked mental responsibility for any offense charged" or lacked the capacity to stand trial. R.C.M. 706. We find the appellant's first assignment of error to be without merit.

The appellant's second assignment of error draws the court's attention to the thirty-two month hiatus between the convening authority's action on the appellant's case, and the receipt of the record of trial by the clerk of this court.[1] The appellant alleges that he was prejudiced by this delay and is entitled to relief. We find, however, that the appel-

1. The appellant notes that the record of trial of his guilty plea is seventy-seven pages in length. The convening authority took action on the appellant's case on 4 December 1997. The clerk of this court did not receive the record of trial until 18 August 2000. The record is devoid of any explanation for the incredible delay. In the absence of any contradictory explanation by the

lant's allegations of prejudice are conclusory and lack factual support. We conclude that the appellant experienced no actual prejudice.

Citing a number of recent opinions of this court, and in particular, this court's opinions in *United States v. Collazo*, 53 M.J. 721 (Army Ct.Crim.App.2000), and *United States v. Bauerbach*, 55 M.J. 501 (Army Ct.Crim. App.2001), the appellant contends that he is entitled to relief even absent prejudice. We disagree.

The language in this court's opinions in both *Collazo* and *Bauerbach* is understandably broad. These opinions characterize the breadth of this court's sentence appropriateness responsibility under Article 66, UCMJ. To read them as establishing a judicial remedy for unreasonable post-*action* delay, even in the absence of any prejudice to the appellant, is to accord them too broad a meaning. This court's opinion in *Collazo* specifically addressed the "dilatory *habits*[2] that led to the adoption of *Dunlap*"[3]—the dilatory habits were those occurring between imposition of sentence and the convening authority's action. 53 M.J. at 725 (emphasis added). We have yet to discern similar "dilatory habits" in the processing of cases from the convening authority's action to dispatch, although cases such as the appellant's require that the court remain vigilant should such a situation develop. At present, we decline to extend the remedy fashioned in *Collazo* to such cases. We will continue to evaluate cases such as the appellant's for prejudice under Article 59(a), UCMJ, 10 U.S.C. § 859. *See United States v. Banks*, 7 M.J. 92 (C.M.A.1979).

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge CAIRNS and Judge BROWN concur.

---

government, we attribute the delay to government mishandling.

2. Webster's defines habit as "[c]ustomary practice or manner." Webster's II New Riverside University Dictionary 557 (1984).

---

3. *Dunlap v. Convening Authority*, 48 C.M.R. 751, 1974 WL 13908 (C.M.A.1974).