UNITED STATES, Appellee,

v.

Private E2 William C. HARMS, United States Army, Appellant.

ARMY 9701529.

U.S. Army Court of Criminal Appeals.

12 Feb. 2003.

For Appellant: Colonel Robert D. Teetsel, JA; Lieutenant Colonel E. Allen Chandler, Jr., JA; Captain Mary C. Vergona, JA (on brief); Major Jeanette K. Stone, JA.

For Appellee: Lieutenant Colonel Lauren B. Leeker, JA; Lieutenant Colonel Margaret B. Baines, JA; Major Mark L. Johnson, JA; Captain Abraham F. Carpio, JA (on brief).

Before CHAPMAN, Senior Judge, CLEVENGER, and STOCKEL Appellate Military Judges.

## OPINION OF THE COURT
## ON REMAND

CLEVENGER, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of assaulting a noncommissioned officer, and communicating a threat (two specifications), in violation of Articles 91 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891 and 934 [hereinafter UCMJ]. On 22 September 1997, appellant was sentenced to a bad-conduct discharge, confinement for three months, forfeiture of $600.00 pay per month for three months, and reduction to Private E1. Pursuant to a pretrial agreement, on 4 December 1997, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for thirty days, forfeiture of $600.00 pay per month for one month, and reduction to Private E1. Thereafter, the seventy-seven page record of trial (ROT) in this case was not received from the convening authority by the Clerk of Court for The Judge Advocate General (TJAG) of the Army until 16 August 2000.

On 22 February 2002, this court affirmed the approved findings and sentence holding that *Collazo*[1] was inapplicable to complaints of dilatory post-trial processing of ROTs where the delay occurred after the convening authority's initial promulgating action,[2] but

---

1. *United States v. Collazo*, 53 M.J. 721 (Army Ct.Crim.App.2000).

2. *See* UCMJ art. 60, 10 U.S.C. § 860.

before the mandatory transmission of the ROT to the TJAG for the next stage in the statutory appellate review process.[3] *United States v. Harms,* 56 M.J. 755, 756 (Army Ct.Crim.App.2002). Thus, this court "decline[d] to extend the remedy fashioned in *Collazo* to [post-action delay] cases." *Id.* On 29 October 2002, the United States Court of Appeals for the Armed Forces set aside that opinion and remanded the case for further consideration in light of *United States v. Tardif,* 57 M.J. 219 (2002).

■■■ On further review, we modify our prior *Harms* decision and hold that the period of time between the convening authority's initial action and receipt of the ROT by the clerk of this court is one factor the court will consider when determining whether "the government proceed[ed] with due diligence to execute a soldier's regulatory and statutory post-trial processing rights ... as expeditiously as possible, given the totality of the circumstances in that soldier's case." *Collazo,* 53 M.J. at 727. We find no reasonable explanation or justification for the thirty-two month period of delay between the convening authority's action in December of 1997 and the receipt of the ROT by the clerk of this court in August of 2000. We decline to speculate whether appellant was prejudiced by this delay, as alleged in appellant's brief to this court. "[A] Court of Criminal Appeals has authority under Article 66(c) to grant relief for excessive post-trial delay without a showing of 'actual prejudice' within the meaning of Article 59(a), if it deems relief appropriate under the circumstances." *Tardif,* 57 M.J. at 224 (citing with approval *Collazo,* 53 M.J. at 727). The *Tardif* court held that such appropriate relief could flow from "unreasonable and unexplained post-trial delays." 57 M.J. at 220.

The *Tardif* court also noted that "[t]he [U.S. Coast Guard Court of Criminal Appeals] focused on the 115 days that elapsed after the convening authority's action and before the record was forwarded to Coast Guard Headquarters." 57 M.J. at 219. Clearly then, unreasonable and unexplained delay in forwarding a record for appellate review after action may merit relief. Therefore, although appellant's conviction and sentence are legally and factually correct, we hold that the thirty-two months at issue constitute excessive post-trial delay that is unexplained and unreasonable. The government is solely responsible for the egregious delay in failing to transmit the ROT to TJAG for appellate review as required by Article 65, UCMJ. This court will grant relief for this excessive post-trial delay by reassessing the sentence in our decretal paragraph.

The findings of guilty as affirmed in our decision of 22 February 2002 remain in effect. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge. All rights, privileges, and property, including pay and allowances forfeited pursuant to Article 58b, Uniform Code of Military Justice, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ art. 75(a), 10 U.S.C. § 875(a).

Senior Judge CHAPMAN and Judge STOCKEL concur.

---

3. *See* UCMJ art. 65, 10 U.S.C. § 865.