UNITED STATES, Appellant

v

ROBERT R. RIOS, Private First Class, U. S. Army, Appellee

15 USCMA 116, 35 CMR 88

*Captain John F. Webb, Jr.,* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel Francis M. Cooper.*

*First Lieutenant James A. Buttry* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel Jacob Hagopian.*

## Opinion of the Court

QUINN, Chief Judge:

On his plea of guilty, the accused was convicted by a general court-martial at Fort Hood, Texas, of an unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, and was sentenced to reduction to the grade of E–1, to confinement at hard labor for six months, and "to forfeit $50.00 for a like period." The convening authority reduced the forfeiture part of the sentence to "$15.00 per month for three months."

Pursuant to Article 69 of the Uniform Code, supra, 10 USC § 869, The Judge Advocate General of the Army referred the record of trial to a board of review for consideration. The board of review observed there was a conflict of decision among the services as to the legal effect of the forfeiture provision adjudged by the court-martial. A Coast Guard board of review had held that a sentence to forfeit $55.00 for three months authorized apportionment of $55.00 over the prescribed period, that is, a forfeiture of $18.33 per month for three months. United States v Dickerson, 3 CMR 501. Navy boards of review had reached the same conclusion. United States v Simone, 8 CMR 579; United States v Ealey, 15 CMR 529. Oppositely, Air Force decisions indicated that a forfeiture provision, in the form noted, amounted to a lump sum forfeiture for a single month and, therefore, the total amount of the forfeiture could

not be spread over a longer period because it would result in adding to the punishment imposed by the court-martial. United States v Stans, 20 CMR 792; United States v White, 12 CMR 783. An Army board of review had held that apportionment of forfeitures was authorized as to officers but prohibited by the Manual for Courts-Martial, United States, 1951, in regard to enlisted accused. United States v Stellman, 4 CMR 232. The board of review in this case adopted the reasoning and conclusions of the board of review in *Stellman* and the Air Force cases. It held that the forfeiture provision constituted a lump sum forfeiture for one month only, which the convening authority could reduce in amount, but which could not be extended over a period longer than one month. It, therefore, approved only so much of the sentence as included a forfeiture of $15.00 for one month.

Under the provisions of Article 67 (b) (2) of the Uniform Code, supra, 10 USC § 867, The Judge Advocate General of the Army certified the record of trial to this Court for review on the following question:

Was the board of review correct in holding illegal and setting aside so much of the sentence approved by the convening authority as exceeds confinement at hard labor for six months, forfeiture of $15.00 for one month,

and reduction to the grade of Private E–1?

A reviewing authority cannot add to the severity of the sentence imposed by the court-martial. The question is, therefore, what is the nature of the forfeiture penalty adjudged by the court?

Forfeiture of pay is an authorized punishment for enlisted accused. Manual for Courts-Martial, supra, Table of Maximum Punishments, Section A. There are two parts to a forfeiture provision. The first is the amount of forfeiture; and the second is the period of time the forfeiture remains in effect. Paragraph 126*h*(2) of the Manual, supra, indicates that to satisfy both requirements, the forfeiture should be stated in terms of dollars and cents, and for a specified period of "months or days." See United States v Gilgallon, 1 USCMA 263, 265, 2 CMR 170. The form of sentence recommended for use embodies the emphasis the text places on specificity. However, forms other than those recommended in the Manual as appropriate may be utilized by a court-martial. In the *Gilgallon* case, the court-martial adjudged a sentence which included the forfeiture of two-thirds pay per month for two months. On review, a board of review held that since the forfeiture was not stated in dollars and cents per month, that part of the sentence was invalid. We reversed that decision. We noted that "[a] simple arithmetical problem was involved . . . [and a simple calculation could determine] with certainty, what monetary forfeiture the court imposed." *Id.*, at page 265. Similarly, in United States v Smith, 3 USCMA 336, 12 CMR 92, we held that a forfeiture provision which was to continue during confinement and until release therefrom was susceptible of ready conversion into a definite period, and was not invalid because it did not itself recite, as recommended by the Manual, the specific number of months the forfeiture was to remain in effect.

Although there is no rigid formula within which the forfeiture provision must be specified, the language of the sentence must clearly define both the monetary limit and the time the forfeiture is to remain in effect. In United States v Johnson, 13 USCMA 127, 32 CMR 127, the court-martial sentence provided for " '$70.00 forfeiture of pay for six months.' " In the order promulgating the results of trial, the convening authority provided that the forfeiture was for $70.00 *per month* for six months. The action of the convening authority subjected the accused to a total forfeiture of $420.00. We held, therefore, the convening authority erred, in that his action increased the forfeiture actually imposed by the court-martial. We did not, as the board of review acknowledged, reach the question of whether the forfeiture in the total amount of $70.00 was to be exacted in the first month or whether it could, in the discretion of the authorities charged with carrying the sentence into execution, be apportioned over successive months within the period prescribed by the court-martial sentence. That issue is now presented for decision. In our opinion, the sentence is legal and it authorizes apportionment.

So far as the legal requirements of certainty were concerned, the sentence was definite as to amount and as to time. What remained was merely the mechanics of execution. The forfeiture could be exacted at the end of the first month of the authorized period, or it could be taken from pay due the accused at the end of the period or, as the reviewing authority determined in this case, it could be exacted in parts, with one part being allocated to a particular portion of the six-month period set out in the court-martial sentence.

We answer the certified question in the negative. The decision of the board of review as to the sentence is set aside. The record of trial is returned to The Judge Advocate General of the Army for submission to the board of review for further proceedings consistent with this opinion.

Judges FERGUSON and KILDAY concur.