UNITED STATES, Appellee,

v.

Private First Class Jason W. GARMAN,
United States Army, Appellant.

ARMY 20020199.

U.S. Army Court of Criminal Appeals.

18 Dec. 2003.

For Appellant: Colonel Robert T. Teetsel,
JA; Lieutenant Colonel E. Allen Chandler,
Jr., JA; Captain Blair T. O'Connor, JA,
USAR (on brief).

For Appellee: Colonel Lauren B. Leeker,
JA; Lieutenant Colonel Margaret B. Baines,
JA (on brief).

Before HARVEY, Senior Judge, BARTO,
and SCHENCK, Appellate Military Judges.

OPINION OF THE COURT

HARVEY, Senior Judge:

A military judge sitting as a special court-
martial convicted appellant, pursuant to his
pleas, of methamphetamine use, and meth-
amphetamine distribution (two specifica-
tions), in violation of Article 112a, Uniform
Code of Military Justice, 10 U.S.C. § 912a
[hereinafter UCMJ]. The convening authori-
ty approved the adjudged sentence to a bad-
conduct discharge, confinement for two
months, forfeiture of "two-thirds monthly
pay, which appears to be $737 per month a[t]
the grade of E1, during [appellant's] term of

confinement," and reduction to Private E1. This case is before the court for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

Appellant asserts that he is entitled to relief for unreasonable delay in the post-trial processing of his case. The government explains that the delay was caused by the military judge's belated authentication of the record of trial (ROT) and argues that the government should not be held responsible for the military judge's actions.

■ We look to the totality of the circumstances of the post-trial process and decline to grant relief for slow post-trial processing for five reasons: (1) trial defense counsel's (TDC) objection to slow post-trial processing was dilatory and occurred 324 days after trial, well after appellant had been released from confinement; (2) after TDC objected to slow post-trial processing, the government expeditiously processed appellant's case to the convening authority's initial action; (3) although the government's total post-trial processing time from the date the sentence was adjudged to the convening authority's initial action (excluding defense processing time) was unexplained, it did not exceed 248 days; (4) slow post-trial processing was the only post-trial error; and, (5) appellant has not alleged or suffered any real harm or legal prejudice due to the slow post-trial processing in his case.

An error also occurred at trial when the military judge failed to clearly specify the time period for adjudged forfeitures. We will reduce the period of forfeitures to one month, but otherwise affirm the approved findings and sentence in our decretal paragraph.

## POST–TRIAL PROCESSING

### Facts

The following chronology details the post-trial processing of appellant's case:

| Date | Post–Trial Activity | Days Since Previous Activity | Cumulative Days After Sentence Adjudged |
|---|---|---|---|
| 21 Feb. 2002 | Sentence adjudged | n/a | 0 |
| 19 Aug. 2002 | Court reporter completes 155–page ROT | 179 | 179 |
| 26 Aug. 2002 | ROT mailed to TDC, who was located at Fort Lewis | 7 | 186 |
| 5 Sep. 2002 | TDC signs ROT errata sheet | 10 | 196 |
| 16 Sep. 2002 | TDC signs ROT authentication page, and overnight mail used to deliver ROT to military judge | 11 | 207 |
| 5 Nov. 2002 | Military judge authenticates ROT | 50 | 257 |
| 7 Nov. 2002 | Staff judge advocate (SJA) signs post-trial recommendation (SJAR) | 2 | 259 |
| 12 Nov. 2002 | TDC acknowledges receipt of the SJAR | 5 | 264 |
| 11 Jan. 2003 | TDC submits Rule for Courts–Martial [hereinafter R.C.M.] 1105 matters and objects to unreasonably slow post-trial processing | 60 | 324 |
| Undated | SJA signs SJAR addendum | unknown | unknown |
| 16 Jan. 2003 | Convening authority approves adjudged sentence | 5 | 329 |
| Deduction for transmittal and defense review of ROT (21 days) and defense submission of R.C.M. 1105 matters (60 days) | | 329 days (trial to initial action) minus 81 days (defense time) | |
| **Total post-trial processing time from trial to convening authority's initial action after deduction for transmittal and defense review** | | **248 days** | |

The allied papers do not explain the 179–day delay for preparation of the 155–page ROT. Appellate government counsel submitted, however, an affidavit from the noncommissioned officer-in-charge (NCOIC), Courts and Boards, Fort Irwin, who indicated that his office had difficulty obtaining the military judge's ROT authentication.

Sixty days elapsed between receipt of the SJAR by appellant's first assigned TDC and delivery of appellant's R.C.M. 1105 matters to the SJA. In this sixty-day period, first assigned TDC went on terminal leave. Then substitute TDC, Major A, had difficulty contacting appellant and obtaining letters of support.[1] During this time period, appellant's TDC requested and the SJA or convening authority approved four delays for submission of appellant's R.C.M. 1105 matters. Major A's R.C.M. 1105 submission included a complaint about "inexcusable," dilatory post-trial processing and noted that appellant had already served his adjudged confinement.

### Discussion

Article 66, UCMJ, requires us "to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay." *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F.2002), *remand to* 58 M.J. 714 (C.G.Ct.Crim.App.2003), *certif. for rev. filed*, Dkt. No. 03–5004/CG (C.A.A.F.2003). "[F]undamental fairness dictates that the government proceed with due diligence to execute a soldier's regulatory and statutory post-trial processing rights and to secure the convening authority's action as expeditiously as possible, given the totality of the circumstances in that soldier's case." *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct.Crim. App.2000).

The Army, the chain of command, each victim, every person who knows about an offense, and most of all the accused, has an interest in the timely completion of courts-martial, to include the post-trial pro-

cess. . . . Not only is untimely post-trial processing unfair to the soldier concerned, but it also damages the confidence of both soldiers and the public in the fairness of military justice, thereby directly undermining the very purpose of military law.

*United States v. Bauerbach*, 55 M.J. 501, 506 (Army Ct.Crim.App.2001); *see also Tardif*, 57 M.J. at 222 (stating accused has right to timely review of findings and sentence). While there may have been several reasons for the delay in appellant's case, the only explanation the government chose to offer was a statement from the NCOIC of Courts and Boards, stating that his office made several unsuccessful attempts to contact the military judge to seek authentication of the ROT.

### Military judge's responsibility

■ The government urges us to deduct the military judge's processing time, fifty days, from the overall post-trial processing time in appellant's case. That is, they urge us to deduct the time period from the date the ROT was mailed to the military judge to the date the military judge signed the authentication page. We disagree with this purely mathematical approach. The period of time for preparation of the ROT is attributable to the government when determining dilatory post-trial processing. *See* R.C.M. 1103(b)(1)(A) (providing that trial counsel shall cause preparation of ROT under direction of military judge); *see generally United States v. Chisholm*, 58 M.J. 733, 736 (Army Ct.Crim.App.2003) (discussing shared responsibility of trial counsel, the SJA, and the military judge to act in concert to expeditiously and affirmatively facilitate the post-trial process), *aff'd,* 59 M.J. 151 (C.A.A.F. 2003) (per curiam).

■ The independent military judge must ensure that the record of trial is properly prepared before authentication. *See id.* The quality and length of the transcript, as well as the locations of the trial counsel,

---

1. "[Appellant] bears the responsibility for substitute counsel's inability to communicate with him." *United States v. Tyson*, 44 M.J. 588, 592 (N.M.Ct.Crim.App.1996); *see United States v. Richter*, 37 M.J. 615, 616 (A.C.M.R.1993). Ap-

pellant's failure to maintain contact with his counsel or substitute counsel is another indication that appellant was unconcerned and not harmed by the delay in the post-trial processing of his case.

court reporter, and military judge, and their other duties, may reasonably and substantially affect the authentication process.[2] We consider all the facts and circumstances of the authentication process in making our determination regarding dilatory post-trial processing. In appellant's case, the military judge, a reservist located in Oregon, was absent from Fort Irwin and was not on active duty during the post-trial processing of appellant's case. The allied papers do not indicate whether his non-military responsibilities delayed his authentication. We therefore conclude that the fifty days that elapsed between the TDC's review of the record and the military judge's authentication[3] of this 155–page ROT was unexplained and excessive.

An option that would have eliminated this delay is substitute authentication by trial counsel. See generally R.C.M. 1104(a)(2)(B) (discussing when substitute authentication authorized). We agree with the Navy–Marine Court of Criminal Appeals, which has explained why use of substitute authentication in such situations is appropriate:

[A] military judge's release from active duty to inactive reserve status is sufficient to establish his absence for purposes of substitute authentication. Upon release from active duty, an inactive reservist assigned to a reserve judiciary billet is under no military obligation to perform judicial duties, even to review a record of trial for authentication. If he or she agreed to do so, it would still require the use of scarce administrative assets to track, deliver, and retrieve the records. To delay authentication of a record in this manner by not just a few days, but several weeks or more, serves no useful purpose; the unwarranted delay may actually impede the expeditious consideration of an accused's clemency request.

United States v. Gibson, 50 M.J. 575, 576 (N.M.Ct.Crim.App.1999).

**Trial defense counsel's responsibility**

Our court issued the Collazo opinion on 27 July 2000, providing sentencing relief, in part, because 313 days elapsed from trial to authentication. Collazo, 53 M.J. at 724–25. Our superior court published the Tardif opinion on 30 August 2002, in which the responsibility of trial counsel and defense counsel were emphasized, as follows:

[W]e note that counsel at the trial level are particularly well-suited to protect the interests of their clients by addressing post-trial delay issues before action by the convening authority. Trial counsel can ensure that the record contains an explanation for what otherwise might appear to be an unreasonable delay. Defense counsel can protect the interests of the accused through complaints to the military judge before authentication or to the convening authority after authentication and before action. After the convening authority's action, extraordinary writs may be appropriate in some circumstances.

Tardif, 57 M.J. at 225. We have also issued numerous post-Collazo opinions, both published and unpublished, which discuss post-trial processing. See Appendix A. Additionally, post-trial processing has been a prominent training topic at The Judge Advocate General's Legal Center and School and at other military justice conferences. See United States v. Bodkins, 59 M.J. 634, 637 (Army Ct.Crim.App.2003). As such, appellant's TDC were on notice that they could object to slow post-trial processing. Nevertheless, they did not ask for expeditious processing or object to dilatory post-trial processing for 324 days.

"Defense counsel bear responsibility for timely submissions and we will not hold their

---

2. See United States v. Bigelow, 57 M.J. 64, 69 (C.A.A.F.2002) (holding that 244–day delay from transcription to authentication was " 'neither unexplained nor inordinate,' " given that responsible parties were located in three different countries and multiple corrections by the military judge (citation omitted)); United States v. Toro Nmn Khamsouk, 58 M.J. 560, 562 (N.M.Ct.Crim. App.2003) (where no defense objection to delay,

stating, "the fact that the military judge held the record for about 13 months does serve as a reasonable explanation for why the [convening authority] could not act in a more timely fashion").

3. The military judge made seven minor, insubstantial changes to the ROT.

undue delay against the government." *United States v. Maxwell*, 56 M.J. 928, 929 (Army Ct.Crim.App.2002). Moreover, unwarranted and excessive TDC post-trial delay is an important element weighing against granting relief. "Appellant's lengthy silence is strong evidence that he suffered no harm and that this is not an appropriate case for this Court to exercise its Article 66(c), UCMJ, authority." *United States v. Wallace*, 58 M.J. 759, 775 (N.M.Ct.Crim.App.2003) (citing *United States v. Fricke*, 53 M.J. 149, 154 (C.A.A.F. 2000)). Additionally, the convening authority took initial action on appellant's case five days after TDC made her belated objection to slow post-trial processing. This expeditious processing after complaint was made is a significant factor militating against granting relief.

## Standards for post-trial processing

In the aftermath of *Collazo*, concern has been frequently articulated about a lack of criteria or structure for determining whether post-trial processing was sufficiently slow to cause the sentence to become inappropriate.[4] We also recognize that our Navy–Marine Corps brethren have denied relief in cases with longer post-trial processing times than cases where we have granted sentence relief. *See* Appendix A. We reject any suggestion that we adopt a bright-line time limit for post-trial processing. "Having suffered the problems inherent with the inflexibility of the [*Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751, 1974 WL 13908 (1974)] rule, we are not anxious to return to it." *Collazo*, 53 M.J. at 725, *see also United States v. Hudson*, 46 M.J. 226, 227 (C.A.A.F.1997) (rejecting " 'BRIGHT LINE' test" and denying relief despite passage of 839 days between trial and initial action (citation omitted)). We also decline to embrace the standards for granting or denying relief that may be implied in the other services' decisions.

■ When analyzing post-trial processing delays, our opinions frequently list, and trial and appellate counsel frequently cite, the time between the various steps of post-trial processing.[5] However, we decline to parse post-trial processing into its component parts and base relief upon delays within this process. Instead, we determine whether the overall processing time was unreasonable and unexplained: (1) between the date the sentence was adjudged to the convening authority's initial action,[6] and (2) between the convening authority's initial action to arrival of the record at our court.[7]

---

4. *See Tardif*, 57 M.J. at 230 (Sullivan, S.J., dissenting) (criticizing the lack of a standard in review of post-trial processing cases); *Bauerbach*, 55 M.J. at 506 (citing Major Timothy C. MacDonnell, *United States v. Collazo: The Army Court of Criminal Appeals Puts Steel on the Target of Post–Trial Delay*, 2000 ARMY LAW. 34, 38 (Nov.2000)).

5. *See, e.g., United States v. Delvalle*, 55 M.J. 648, 654–56 (Army Ct.Crim.App.2001) (reducing 3–year confinement by 2 months where 10–month delay from trial to authentication for a 459–page record); *Collazo*, 53 M.J. at 723–27 (reducing 8–year confinement by 4 months where 10–month delay from trial to authentication and 1–year delay from trial to initial action for a 519–page record); *United States v. Fussell*, ARMY 9801022 (Army Ct.Crim.App. 20 Oct. 2000) (unpub.) (per curiam) (reducing 20–month confinement by 2 months where 242 days elapsed between trial and authentication of 133–page record).

6. *See, e.g., Bauerbach*, 55 M.J. at 502, 507 (reducing 3–month confinement by 1 month where 288–day delay from trial to initial action for a 385–page record); *United States v. Acosta–Ron-*

*don*, ARMY 9900458 (Army Ct.Crim.App. 30 Apr. 2001) (unpub.) (per curiam) (reducing 30–day confinement by 10 days where 7–month delay from trial to authentication and 9–month delay from trial to initial action for a 225–page record).

7. *See Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 37 (C.A.A.F.2003) (stating, "review spans a continuum of process from review by the convening authority ... to review by a Court of Criminal Appeals" (citation omitted)); *see also, e.g., Tardif*, 57 M.J. at 221, 224 (remanding case for service court to exercise authority under Article 66(c), UCMJ, where 115 days elapsed from initial action to forwarding of ROT to Coast Guard headquarters); *United States v. Harms*, 58 M.J. 515, 515–16 (Army Ct.Crim.App.2003) (setting aside all punishment except bad-conduct discharge because of a 32–month delay from initial action to receipt of ROT by Army Clerk of Court), *aff'd*, 59 M.J. 146 (2003); *United States v. Nicholson*, ARMY 20010638 (Army Ct.Crim.App. 15 Apr. 2003) (unpub.) (setting aside all approved confinement and forfeitures where 5–month delay from trial to authentication, 363–day delay from trial to initial action, and 73–day delay from initial action to receipt by Army Clerk of Court for a 184–page record).

Our analysis usually addresses the number of pages in the ROT, recognizing that a lengthy ROT requires more time to transcribe, review, and authenticate. We also consider whether other post-trial processing errors, in combination with slow post-trial processing, resulted in an inappropriate sentence.[8]

> Acceptable explanations [for slow post-trial processing] may include excessive defense delays in the submission of R.C.M. 1105 matters, post-trial absence or mental illness of the accused, exceptionally heavy military justice post-trial workload, or unavoidable delays as a result of operational deployments. Generally, routine court reporter problems are not an acceptable explanation.

*Bauerbach*, 55 M.J. at 507; *see United States v. Scaggs*, ARMY 20000056 (Army Ct.Crim. App. 12 Feb. 2002) (unpub.) (holding "an increase in the caseload within the jurisdiction" and a lack of a prior complaint by defense merited denial of sentence relief for 9–month delay between trial and initial action).

Post-trial processing in appellant's special court-martial from trial to the convening authority's initial action, after subtracting 81 days of defense delay took 248 days. This was significantly slower than the fiscal year 2003 Army average for special courts-martial of 134 days. *See* Appendix B. However, absent other post-trial processing errors or other unusual circumstances not present in this case, we decline to grant relief solely for unexplained post-trial processing of less than 248 days.[9] In declining to grant relief, we in no way endorse the dilatory post-trial processing of appellant's case.[10] It was appellant's complete lack of effort to seek expeditious processing for 324 days that was the most critical factor in our resolution of this issue. *See United States v. Birge*, 52 M.J. 209, 212 (C.A.A.F.1999) (highlighting lack of demand for speedy trial or release from pretrial confinement, and absence of motion for relief, as reasons for holding that Article 10, UCMJ, 10 U.S.C. § 810, issue not raised); *Bodkins*, 59 M.J. at 636–37 (holding waiver resulted where no defense objection to slow post-trial processing, while noting possible substantial benefits to appellant from slow post-trial processing).

### Prejudice

Appellate defense counsel has not alleged and we do not find " 'real harm or legal prejudice' " to appellant from the slow post-trial processing in his case. *United States v. Bell*, 46 M.J. 351, 353–54 (C.A.A.F.1997) (citations omitted) (denying relief and holding no "substantial prejudice" or "substantial[ ] harm[ ]" from passage of 737 days between trial and initial action). Appellant was under

8. *See, e.g., Collazo*, 53 M.J. at 725–26 (in addition to slow post-trial processing, citing no service to appellant and late service (after initial action) to TDC of complete copy of ROT); *United States v. Nicholson*, 55 M.J. 551, 554–55 (Army Ct.Crim. App.2001) (granting unitary relief for two post-trial errors—an 80–day delay in preparation of SJAR and erroneous legal advice in the SJAR concerning waiver of forfeitures); *United States v. Brown*, ARMY 9900216, slip op. at 3–4 (Army Ct.Crim.App. 13 July 2001) (unpub.) (granting unitary sentencing relief "to moot any possible claim of prejudice" from three post-trial errors— a 232–day delay from trial to initial action; failure to address allegation of dilatory post-trial processing in SJAR addendum; and mistake in SJAR regarding pretrial confinement); *United States v. Hansen*, ARMY 20000532 (Army Ct. Crim.App. 10 May 2001) (unpub.) (granting unitary sentencing relief "to moot any possible claim of prejudice" from seven post-trial errors— a 4–month delay from trial to authentication of ROT; failure to address in SJAR addendum defense allegations of dilatory post-trial processing; and mistakes in SJAR about pretrial restriction, number of awards, number of children, maximum possible punishment, and appellant's General Technical score).

9. In three post-*Collazo* cases we granted sentencing relief, citing less than 250 days for post-trial processing time from trial to initial action; however, the court's opinion also cited at least one additional post-trial processing error. *See Nicholson*, 55 M.J. at 554 (169 days); *Brown*, ARMY 9900216 (232 days); *Hansen*, ARMY 20000532 (195 days).

10. *See Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 138, 48 C.M.R. 751, 754, 1974 WL 13908 (1974) (holding 90 days from trial to initial action is dilatory post-trial processing where an accused is in post-trial confinement), *rev'd, United States v. Banks*, 7 M.J. 92, 93–94 (C.M.A.1979) (announcing prospective abandonment of *Dunlap* 90–day rule); *United States v. Timmons*, 22 U.S.C.M.A. 226, 227, 46 C.M.R. 226, 227, 1973 WL 14487 (1973) (holding that 180–day delay from trial to initial action is unreasonable).

no restraint, except at the very beginning of the post-trial processing of this case when he was serving his two months of adjudged confinement. A finding of such prejudice, however, is not a prerequisite for relief under Article 66, UCMJ. *See Tardif,* 57 M.J. at 224; *Collazo,* 53 M.J. at 727. "Lastly, and most telling, appellant, himself, did nothing to ascertain the status of his case during the many months of inactivity. Had he been prejudiced, we are certain that he would have complained." *United States v. Jenkins,* 38 M.J. 287, 289 (C.M.A.1993).

### Conclusion

Sentence relief may be appropriate for "unexplained and unreasonable post-trial delay" notwithstanding the absence of prejudice. *Tardif,* 57 M.J. at 224; *see* UCMJ art. 66(c). While there was unacceptably slow post-trial processing in appellant's case, it was not so egregious under the totality of the circumstances as to render appellant's otherwise appropriate sentence inappropriate.

### FORFEITURES

The military judge adjudged two months of confinement and forfeiture of "two-thirds monthly pay, which appears to be $737 per month a[t] the grade of E1, during [appellant's] term of confinement." We presume that appellant started his confinement immediately after trial, his adjudged forfeitures automatically went into effect fourteen days after his sentence was adjudged, *see* UCMJ art. 57(a)(1)(A), 10 U.S.C. § 857(a)(1)(A), and he left confinement and went on excess leave about fifty days after trial.[11]

 A forfeiture-of-pay provision must "clearly define" both the amount of pay to be

forfeited and the period of time the forfeiture is to remain in effect. *United States v. Rios,* 15 U.S.C.M.A. 116, 118, 35 C.M.R. 88, 90, 1964 WL 4928 (1964). A sentence to partial forfeitures of pay shall state the "exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last." R.C.M. 1003(b)(2). Unfortunately, both the military judge (when he adjudged appellant's forfeitures) and the SJA (when he recommended approval of adjudged forfeitures to the convening authority) failed to comply with R.C.M. 1003(b)(2). This omission results in a "legal sentence of a forfeiture of the sum stated for one month only." *United States v. Guerrero,* 25 M.J. 829, 831 (A.C.M.R.1988), *aff'd and modified on other grounds,* 28 M.J. 223 (C.M.A.1989); *see also Rios,* 15 U.S.C.M.A. at 118, 35 C.M.R. at 90; *United States v. Johnson,* 13 U.S.C.M.A. 127, 128, 32 C.M.R. 127, 128, 1962 WL 4462 (1962); *United States v. Gebhart,* 32 M.J. 634, 635 & n. 1 (A.C.M.R.1991), *aff'd,* 34 M.J. 189 (C.M.A.1992). Accordingly, this court will approve a forfeiture of *pay* for only one month in our decretal paragraph.

The findings of guilty are affirmed. After considering the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for two months, forfeiture of $737 pay for one month, and reduction to Private E1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ art. 75(a), 10 U.S.C. § 875(a).

Judge BARTO and Judge SCHENCK concur.

### Appendix A

#### Post–Trial Delay

Army Court of Criminal Appeals (ACCA) opinions listed below were decided after *United States v. Collazo,* 53 M.J. 721 (Army Ct.Crim.App.2000), which was decided on 27 July 2000. Other Courts of Criminal Appeals (CCA) opinions listed below were de-

cided after the United States Court of Appeals for the Armed Forces (CAAF) decision in *United States v. Tardif,* 57 M.J. 219 (C.A.A.F.2002), which was decided on 30 August 2002. Information not provided in an opinion is left blank in the table, unless obtained from the Army Court–Martial Information System (ACMIS). Information de-

---

11. The record does not include what "good conduct time" credit or "extra good time" credit appellant earned while incarcerated. *See* Army Reg. 633–30, Apprehensions and Confinement: Military Sentences to Confinement, § III (28 Feb. 1989).

rived from ACMIS is denoted by an asterisk (*).

| Army Cases | | | | | | |
|---|---|---|---|---|---|---|
| **Army Case Citation** | **General Court-Martial Convening Authority** / **Date of Initial Action** | **Number of pages in record of trial (ROT)** | **Time: trial to authentication in days unless otherwise indicated** | **Time: trial to action in days unless otherwise indicated** | **Time: action to receipt at ACCA in days unless otherwise indicated** | **Relief granted** |
| U.S. v. Bodkins ___ M.J. ___ 2003 CCA LEXIS 267 (18 Nov. 2003) | 1st Infantry Division 19 Mar. 2002 | 74 | 165 | 412 | 475 | NONE—ACCA indicated that defense counsel's failure to object resulted in waiver. |
| U.S. v. Stubblefield (Unpub.) 20000389 (20 Aug. 2003) | U.S. Army Transportation Center and Fort Eustis 6 Apr. 2001 | 335 | 362 | 433 | 473 | Approved confinement of 85 days not affirmed. |
| U.S. v. Pfister (Unpub.) 20000791 (14 July 2003) | Defense Language Institute Foreign Language Center and Presidio of Monterey 6 Sept. 2001* | 285* | | 352* | 363* | NONE—ACCA indicated the assignment of error was without merit. Processing times were not discussed. |
| U.S. v. Stachowski 58 M.J. 816 (26 June 2003) | U.S. Army Maneuver Support Center and Fort Leonard Wood 30 Nov. 2001 | 103 | 209 | 268 | 278* | The convening authority reduced appellant's confinement from 140 to 110 days because of slow post-trial processing. ACCA affirmed the sentence. |

## Army Cases

| Army Case Citation | General Court-Martial Convening Authority / Date of Initial Action | Number of pages in record of trial (ROT) | Time: trial to authentication in days unless otherwise indicated | Time: trial to action in days unless otherwise indicated | Time: action to receipt at ACCA in days unless otherwise indicated | Relief granted |
|---|---|---|---|---|---|---|
| U.S. v. Daley (Unpub.) 20010449 (4 June 2003) | 1st Cavalry Division 21 Feb. 2002 | 62 | 211 | 276 | 332 | Forfeiture of all pay and allowances not affirmed. Confinement reduced from 6 to 4 months. ACCA stated that their intention was for Defense Finance and Accounting Service to return to appellant 2 months of pay and allowances forfeited by operation of Article 58b(a), UCMJ. |
| U.S. v. Klingenstein (Unpub.) 20000178 (29 Apr. 2003) | 19th Theater Support Command 29 Aug. 2000* | 135* | | 207* | 241* | NONE—On 3 Oct. 2002, the CAAF set aside the CCA's decision and remanded for further consideration in light of its holding in *Tardif*. *See United States v. Klingenstein*, 57 M.J. 453 (C.A.A.F. 2002). The CCA reconsidered and again denied sentencing relief. |
| U.S. v. Nicholson (Unpub.) 20010638 (15 Apr. 2003) | 1st Infantry Division 19 Mar. 2002 | 184 | 152 | 363 | 436 | All approved confinement (95 days) and forfeitures ($695 pay for 3 months) set aside. |
| U.S. v. Flynn 58 M.J. 574 (21 Mar. 2003) | U.S. Army Combined Arms Center and Fort Leavenworth 15 Feb. 2001* | 253* | | 345 | 351* | NONE. |
| U.S. v. Harms 58 M.J. 515 (12 Feb. 2003) aff'd, 2003 CAAF LEXIS 1075 (30 Sept. 2003) | U.S. Army Special Forces Command (Airborne) 22 Sept. 1997 | 77 | | 73 | 1059 | Sentenced reduced from a bad-conduct discharge, confinement for 30 days, forfeiture of $600 pay per month for 1 month, and reduction to Private E1 to a bad-conduct discharge. |
| U.S. v. Hairston (Unpub.) 9900811 (4 Feb. 2003) | U.S. Army Transportation Center and Fort Eustis 24 Aug. 2000 | 420 | 252 | 373 | 398* | Confinement reduced from 42 to 40 months. ACCA found other errors in addition to dilatory post-trial processing and did a unitary reassessment of the sentence. |

| Army Cases | | | | | | |
|---|---|---|---|---|---|---|
| **Army Case Citation** | **General Court-Martial Convening Authority** <br><br> **Date of Initial Action** | Number of pages in record of trial (ROT) | Time: trial to authentication in days unless otherwise indicated | Time: trial to action in days unless otherwise indicated | Time: action to receipt at ACCA in days unless otherwise indicated | **Relief granted** |
| **U.S. v. Chisholm 58 M.J. 733** (24 Jan. 2003) *aff'd,* 2003 CAAF LEXIS 1240 (18 Nov. 2003) (per curiam) | 25th Infantry Division (Light) 23 June 2000 | 848 | 446 | 490 | 529* | Confinement reduced from 48 to 45 months. ACCA articulated the aggravated facts as to the rape and conspiracy to commit rape and appellant's comparatively lenient sentence, commenting, "[b]ut for these factors, we would have *granted even more sentence relief."* 58 M.J. at 739. |
| **U.S. v. Sprattley (Unpub.) 20010191** (22 Jan. 2003) | 1st Infantry Division 19 Mar. 2002 | 124 | 147 | 392 | 455* | Confinement and total forfeitures reduced from 12 to 11 months. |
| **U.S. v. Conley (Unpub.) 9900183** (27 Nov. 2002) | 25th Infantry Division (Light) 12 May 2000 | 343 | 469 | 15 months | 478* | Confinement reduced from 120 to 116 months. |
| **U.S. v. Aproda (Unpub.) 20000369** (13 Aug. 2002) | I Corps and Fort Lewis 10 Apr. 2001 | 167 | 269 | 368 | 388* | Confinement reduced from 9 to 7 months. The court listed the defense delay of 52 days to submit R.C.M. 1105 matters and a rebuttal to the SJA's addendum, but did not explicitly deduct defense delay from total processing time. |
| **U.S. v. Maxwell (Unpub.) 20000393** (7 June 2002) | I Corps and Fort Lewis 27 Apr. 2001 | 384 | 360 | 420 | 431* | Confinement reduced from 5 to 4 months. The court indicated that 51 days for the defense to submit errata to the ROT prior to authentication was excessive. Defense waived submission of R.C.M. 1105 matters. |
| **U.S. v. Goodenough (Unpub.) 9900564** (7 May 2002) | I Corps and Fort Lewis 9 June 2000 | 192 | 321 | 367 | 374* | Confinement reduced from 36 to 33 months. |

| Army Cases | | | | | | |
|---|---|---|---|---|---|---|
| **Army Case Citation** | **General Court-Martial Convening Authority** <br><br> **Date of Initial Action** | **Number of pages in record of trial (ROT)** | **Time: trial to authentication in days unless otherwise indicated** | **Time: trial to action in days unless otherwise indicated** | **Time: action to receipt at ACCA in days unless otherwise indicated** | **Relief granted** |
| U.S. v. Johnson (Unpub.) 9901042 (27 Mar. 2002) | U.S. Army Transportation Center and Fort Eustis 12 Oct. 2000 | 244* | | 357* | 365* | NONE—convening authority reduced appellant's confinement from 60 to 54 months because of unreasonable post-trial delay. |
| U.S. v. Hutchison 56 M.J. 756 (22 Feb. 2002) | 19th Theater Army Area Command 2 June 2000 | 81 | 270 | 419 | 452* | Confinement reduced from 15 to 12 months. Trial defense counsel (TDC) took 15 days to submit R.C.M. 1105 matters. |
| U.S. v. Ingram (Unpub.) 9901117 (12 Feb. 2002) | I Corps and Fort Lewis 23 Aug. 2000* | 191* | | 275* | 315* | NONE. |
| U.S. v. Scaggs (Unpub.) 20000056 (12 Feb. 2002) | I Corps and Fort Lewis 20 Oct. 2000* | 151 | | 9 months | 291* | NONE—ACCA noted the increase in caseload and the lack of court reporters in the jurisdiction, as described by the Chief of Military Justice's affidavit. |
| U.S. v. Melendez (Unpub.) 9901054 (8 Feb. 2002) | 1st Cavalry Division 8 Dec. 2000 | 149 | 112 | 401 | 432* | Confinement reduced from 6 to 4 months. |
| U.S. v. Wickman (Unpub.) 9900819 (28 Nov. 2001) | 1st Cavalry Division 13 Oct. 2000 | 56 | 324 | 415 | 483* | Approved confinement of 75 days and total forfeitures reduced to 15 days of confinement. |
| U.S. v. Chase (Unpub.) 20000745 (20 Nov. 2001) | Fort Carson 5 Jan. 2001 | 47 | 58 | 116 | 142* | NONE. |
| U.S. v. Tualaulelei (Unpub.) 9900795 (10 Oct. 2001) | 1st Cavalry Division 30 Aug. 2000 | 113 | 115 | 383 | 434* | Confinement reduced from 6 to 5 months. |

| Army Cases | | | | | | |
|---|---|---|---|---|---|---|
| **Army Case Citation** | **General Court-Martial Convening Authority**<br><br>**Date of Initial Action** | Number of pages in record of trial (ROT) | Time: trial to authentication in days unless otherwise indicated | Time: trial to action in days unless otherwise indicated | Time: action to receipt at ACCA in days unless otherwise indicated | **Relief granted** |
| **U.S. v. Paz-Medina 56 M.J. 501** (9 Oct. 2001) | U.S. Army South 31 Mar. 1999 | 718 | 223 | 371 | 392* | New SJAR and initial action ordered—convening authority in new action provided sentencing relief. |
| **U.S. v. Boult (Unpub.) 20000018** (16 Aug. 2001) | Joint Readiness Training Center and Fort Polk 28 Dec. 2000* | 212 | | 357 | 371* | Confinement reduced from 28 to 26 months. |
| **U.S. v. Myers (Unpub.) 9900329** (16 Aug. 2001) | 19th Theater Army Area Command 22 Mar. 2000 | 165 | 232 | 367 | 510 | Confinement reduced from 6 months to 5 months and 15 days. Partial forfeitures reduced from 6 to 4 months. ACCA found other errors in addition to dilatory post-trial processing and did a unitary sentence reassessment. |
| **U.S. v. Sharks (Unpub.) 9900770** (16 Aug. 2001) | U.S. Army Garrison Fort Sam Houston 10 July 2000 | 172 | 173 | 347 | 350* | Confinement reduced from 6 to 5 months. |
| **U.S. v. Bass (Unpub.) 9801511** (3 Aug. 2001) | U.S. Army Air Defense Artillery Center and Fort Bliss 7 Oct. 1999 | 439 | | 356 | 364* | Confinement reduced from 36 to 33 months. |
| **U.S. v. Holland (Unpub.) 9901168** (1 Aug. 2001) | 25th Infantry Division (Light) 31 Oct. 2000 | 173 | 226 | 335 | 366* | Confinement reduced from 5 to 3 months. |
| **U.S. v. Stevens (Unpub.) 9900666** (1 Aug. 2001) | 10th Mountain Division (Light) and Fort Drum 23 June 2000 | 361 | 325 | 371 | 412* | Confinement reduced from 72 to 69 months. |
| **U.S. v. Delvalle 55 M.J. 648** (16 July 2001) | 10th Mountain Division (Light) and Fort Drum 8 Jan. 1999 | 459 | 10 months | 358* | 365* | 36-month confinement reduced by 2 months. |

| Army Cases | | | | | | |
|---|---|---|---|---|---|---|
| **Army Case Citation** | **General Court-Martial Convening Authority** / **Date of Initial Action** | Number of pages in record of trial (ROT) | Time: trial to authentication in days unless otherwise indicated | Time: trial to action in days unless otherwise indicated | Time: action to receipt at ACCA in days unless otherwise indicated | **Relief granted** |
| **U.S. v. Brown** (Unpub.) **9900216** (13 July 2001) | U.S. Army Air Defense Artillery Center and Fort Bliss 7 Oct. 1999 | 131 | 167 | 232 | 258* | Duration of confinement and partial forfeitures reduced from 9 to 7 months. ACCA found two other post-trial errors in addition to dilatory post-trial processing and did a unitary reassessment of the sentence. |
| **U.S. v. Hudson** (Unpub.) **9801086** (5 July 2001) | Joint Readiness Training Center and Fort Polk 19 July 1999 | 1221 | 290 | 382 | 390* | Convening authority reduced appellant's confinement from 24 to 16 months. CCA stated that this mooted the issue. |
| **U.S. v. Pershay** (Unpub.) **9800729** (12 June 2001) | U.S. Army Garrison, Aberdeen Proving Ground 15 Apr. 1999 | 150 | 279 | 332 | 368* | Confinement reduced from 12 to 10 months. |
| **U.S. v. Nicholson** 55 M.J. 551 (25 May 2001) | U.S. Army Garrison, Fort Sam Houston 1 Sept. 1999 | 152 | 39 | 169 | 175* | Confinement and partial forfeitures reduced from 5 months to 3 months. ACCA determined that 80 days from authentication to prepare and serve the SJAR, as well as mistaken advice regarding processing waiver of forfeitures, merited relief. |
| **U.S. v. Bradford** (Unpub.) **9900366** (16 May 2001) | 25th Infantry Division (Light) 26 Jul. 00* | 346 | 403 | 482 | 578* | Confinement reduced from 12 to 9 months. |
| **U.S. v. Bauerbach** 55 M.J. 501 (15 May 2001) | U.S. Army Air Defense Artillery Center and Fort Bliss 5 Jan. 2000* | 385 | | 288 | 296* | Confinement reduced from 3 to 2 months. |
| **U.S. v. Hansen** (Unpub.) **20000532** (10 May 2001) | U.S. Army Garrison, Fort Sam Houston (convened); United States Army Medical Department Center & School and Fort Sam Houston (action) 3 Jan. 2001* | 138 | Over 4 months | 195* | 204* | Confinement reduced from 6 to 5 months—the opinion cited 5 other factual errors in the SJA's post-trial recommendation. |

| Army Cases | | | | | | |
|---|---|---|---|---|---|---|
| **Army Case Citation** | **General Court-Martial Convening Authority**<br><br>**Date of Initial Action** | Number of pages in record of trial (ROT) | Time: trial to authentication in days unless otherwise indicated | Time: trial to action in days unless otherwise indicated | Time: action to receipt at ACCA in days unless otherwise indicated | **Relief granted** |
| **U.S. v. Acosta-Rondon (Unpub.) 9900458** (30 Apr. 2001) | 10th Mountain Division (Light Infantry) and Fort Drum 28 Jan. 2000* | 225 | 7 months | 9 months | 277* | 30 days of approved confinement reduced by 10 days. |
| **U.S. v. Sharp (Unpub.) 9701883** (16 Apr. 2001) | 10th Mountain Division (Light) and Fort Drum 31 Mar. 1999* | 655 | 399 | 488 | 493* | 20 years of confinement reduced to 15 years because sentence inappropriately severe, and reduced an additional 6 months because of slow post-trial processing. |
| **U.S. v. Hernandez (Unpub.) 9900776** (23 Feb. 2001) | 19th Theater Support Command 25 July 2000* | 98 | | 360* | 383* | Confinement and forfeitures reduced from 6 to 1 month. |
| **U.S. v. Fussell (Unpub.) 9801022** (20 Oct. 2000) | U.S. Army Air Defense Artillery Center and Fort Bliss 26 Apr. 1999 | 133 | 242 | 277* | 280* | Confinement reduced from 20 to 18 months. |
| **U.S. v. Marlow (Unpub.) 9800727** (31 Aug. 2000) | U.S. Army Garrison, Aberdeen Proving Ground 15 Apr. 1999 | 168 | 265 | 332 | 367* | Confinement reduced from 18 to 15 months. |
| **U.S. v. Benton (Unpub.) 9701402** (10 Aug. 2000) | Joint Readiness Training Center and Fort Polk 6 Aug. 1998* | 534* | | 336* | 354* | NONE—in response to TDC's objection to slow processing of the ROT, the convening authority reduced appellant's confinement from 36 to 30 months. |
| **U.S. v. Collazo 53 M.J. 721** (27 July 2000) | 10th Mountain Division (Light) and Fort Drum 30 Sept. 1998 | 519 | 313 | 370 | 390* | Confinement reduced from 96 to 92 months. ACCA found other errors in addition to dilatory post-trial processing and did a unitary reassessment of the sentence. |

| Navy-Marine Cases | | | | | |
|---|---|---|---|---|---|
| Navy-Marine Case Citation | Number of pages in record of trial | Time: trial to authentication in days unless otherwise indicated | Time: trial to action in days unless otherwise indicated | Time: trial to receipt at CCA or CCA docketing in days unless otherwise indicated | Relief granted |
| U.S. v. Izquierdo (Unpub.) 200100219 (9 Sept. 2003) | 50 | | | 545 | NONE. |
| U.S. v. Richardson (Unpub.) 200101917 (22 Aug. 2003) | 615 | 352 | 572 | 778 | CCA reduced the approved confinement from 8 years to 7 years and 8 months as a result of slow post-trial processing, including delay at the appellate level caused by an incomplete ROT. TDC made a timely request for expeditious post-trial processing. |
| U.S. v. McManus (Unpub.) 200101372 (18 July 2003) | 50 | 50 | 428 | | CCA cited two reasons for affirming a BCD in lieu of a dishonorable discharge: the inappropriateness of the sentence in light of the seriousness of the offenses, and appellant's attempt at rehabilitation as well as slow post-trial processing. |
| U.S. v. Hurd (Unpub.) 200201114 (20 June 2003) | 70 | 35 | 1,500 (estimate) Action was undated | 1643 | CCA reduced fine from $1200 to $600. |
| U.S. v. Jones (Unpub.) 200100066 (19 June 2003) | 37 | | 290 | 363 | NONE—CCA found that delay was excessive, but found that there was no prejudice. The CCA opinion includes an in-depth discussion of the post-trial delay issue. |
| U.S. v. Steudl (Unpub.) 200201625 (12 June 2003) | 63 | 772 | 826 | | BCD approved. All other approved punishment, including 2 months of confinement and forfeiture of $600 pay per month for 2 months, not affirmed—CCA discussed numerous attempts by appellant and his father to expedite post-trial processing of appellant's case. |
| U.S. v. Geter (Unpub.) 9901433 (30 May 2003) | 384 | 216 | 431 | 494 | NONE. |

| Navy-Marine Cases | | | | | |
|---|---|---|---|---|---|
| **Navy-Marine Case Citation** | Number of pages in record of trial | Time: trial to authentication in days unless otherwise indicated | Time: trial to action in days unless otherwise indicated | Time: trial to receipt at CCA or CCA docketing in days unless otherwise indicated | **Relief granted** |
| **U.S. v. Wallace 58 M.J. 759** (22 May 2003) | | | 290 | | NONE. |
| **U.S. v. Williams (Unpub.) 200101766** (6 May 2003) | | 67 | 405 | 440 | NONE—substantial defense delay discussed in opinion. |
| **U.S. v. Ndon (Unpub.) 200201090** (6 May 2003) | | | | Over 9 months | NONE. |
| **U.S. v. Otto (Unpub.) 200001460** (29 Apr. 2003) | | | 329 | | NONE. |
| **U.S. v. Boyett (Unpub.) 200200795** (25 Mar. 2003) | 43 | | 153 | | NONE. |
| **U.S. v. Wilcox (Unpub.) 200101091** (20 Mar. 2003) | | | 252 | | NONE—CCA cited failure of TDC to demand speedy post-trial processing. |
| **U.S. v. Poston (Unpub.) 200102197** (18 Mar. 2003) | | | 273 | | NONE. |
| **U.S. v. Cresta (Unpub.) 200200989** (13 Mar. 2003) | 44 | 98 | 293 | 551 | NONE. |

| Navy-Marine Cases | | | | | |
|---|---|---|---|---|---|
| Navy-Marine Case Citation | Number of pages in record of trial | Time: trial to authentication in days unless otherwise indicated | Time: trial to action in days unless otherwise indicated | Time: trial to receipt at CCA or CCA docketing in days unless otherwise indicated | Relief granted |
| U.S. v. Urra (Unpub.) 200200257 (6 Mar. 2003) | 72 | | 477 | 552 | NONE. |
| U.S. v. Khamsouk 58 M.J. 560 (27 Feb. 2003) | 668 | 435 | 601 | | NONE—CCA cited failure of TDC to demand speedy post-trial processing and attributed 13 of 20 months of processing time to the military judge's authentication of the record. CCA found that delay by the convening authority was not unreasonable. |
| U.S. v. Dezotell 58 M.J. 517 (18 Feb. 2003) | | | 14 months | | NONE. |
| U.S. v. Rogers (Unpub.) 200201403 (18 Feb. 2003) | | | 208 | 547 | NONE. |
| U.S. v. Pursley (Unpub.) 200101280 (14 Nov. 2002) | 52 | | 1449 | | Approved sentence was forfeiture of $300 pay per month for 2 months and a bad-conduct discharge. The court granted unitary sentence relief for slow post-trial processing and because part of a specification was set aside. The court did not affirm the approved forfeitures. |
| U.S. v. Graves (Unpub.) 200201158 (31 Oct. 2002) | | | 7 months | 10 months | NONE—CCA cited failure of TDC to demand speedy post-trial processing. |
| U.S. v. Jones (Unpub.) 200001163 (31 Oct. 2002) | 190 | | 601 | 725 | The court granted unitary sentence relief for slow post-trial processing and because some findings of guilty were set aside. |
| U.S. v. Jameson (Unpub.) 200101835 (25 Oct. 2002) | | | 14 months | Nearly 38 months | NONE—CCA cited failure of TDC to demand speedy post-trial processing. |

| Navy-Marine Cases | | | | | |
| --- | --- | --- | --- | --- | --- |
| Navy-Marine Case Citation | Number of pages in record of trial | Time: trial to authentication in days unless otherwise indicated | Time: trial to action in days unless otherwise indicated | Time: trial to receipt at CCA or CCA docketing in days unless otherwise indicated | Relief granted |
| U.S. v. Mahr (Unpub.) 200200810 (22 Oct. 2002) | | | 594 | 649 | NONE—CCA cited failure of TDC to demand speedy post-trial processing and deployment of convening authority. |
| U.S. v. Holbrook (Unpub.) 200200251 (10 Oct. 2002) | | | 14 months | | NONE—CCA cited failure of TDC to demand speedy post-trial processing. |

| Coast Guard and Air Force Cases | | | | | |
|---|---|---|---|---|---|
| Case Citation | Number of pages in record of trial | Time: trial to authentication in days unless otherwise indicated | Time: trial to action in days unless otherwise indicated | Time: trial to receipt at CCA or CCA Docketing in days unless otherwise indicated | Relief granted |
| **COAST GUARD** <br> **U.S. v. Tardif** <br> **58 M.J. 714** <br> (14 May 2003), <br> *remand to* 58 M.J. 714 (C.G. Ct. Crim. App. 2003), *certif. for rev. filed*, Dkt. No. 03-5004/CG (C.A.A.F. 2003) | | 101 | 223 | 384 | CCA determined the 115 days that elapsed between the convening authority's initial action and receipt at headquarters was unreasonable and unexplained. CCA reduced confinement from 24 to 19 months. 58 M.J. 714 (14 May 2003). |
| **AIR FORCE** <br> **U.S. v. Wolfer** <br> **(Unpub.)** <br> **ACM 35380** <br> (6 June 2003) <br> *pet. denied*, 2003 CAAF LEXIS 1060 (26 Sept. 2003) | | 33 | 55 | 510 | NONE. As a remedy, the CCA expedited their review. |
| **AIR FORCE** <br> **U.S. v. Zinn** <br> **(Unpub.)** <br> **ACM 34434** <br> (22 Jan. 2003) <br> *pet. denied*, 59 M.J. 29 (C.A.A.F. 2003) | 388 | 86 | 168 | | NONE—CCA also stated, "Nothwithstanding [ ] authority under Article 66(c), UCMJ, [and *Tardif*] to grant relief for post-trial delay, we will grant relief only upon a showing of specific prejudice to the appellant." 2003 CCA Lexis 35, at *7. |

## Appendix B

### Average Post–Trial Processing

Average Army post-trial processing time in days for general and special courts-martial that adjudged a bad-conduct discharge from Fiscal Year (FY) 1993 through FY 2003 is listed in the chart below. The date of receipt of the record of trial by the ACCA Clerk of Court is end-date for the purpose of calculating post-trial processing times. Information for these charts was obtained from monthly reports compiled by the ACCA Clerk of Court and the ARMY LAWYER.

| GENERAL COURTS-MARTIAL | | | |
|---|---|---|---|
| FY | TRIAL TO ACTION | ACTION TO RECEIPT AT ARMY CLERK OF COURT | TOTAL |
| 1993 | 66 | 15 | 81 |
| 1994 | 70 | 17 | 87 |
| 1995 | 78 | 15 | 93 |
| 1996 | 86 | 18 | 104 |
| 1997 | 90 | 20 | 110 |
| 1998 | 97 | 13 | 110 |
| 1999 | 116 | 19 | 135 |
| 2000 | 134 | 22 | 156 |
| 2001 | 131 | 46 | 177 |
| 2002 | 143 | 30 | 173 |
| 2003 | 157 | 36 | 193 |

| SPECIAL COURTS-MARTIAL THAT ADJUDGED A BAD-CONDUCT DISCHARGE | | | |
|---|---|---|---|
| FY | TRIAL TO ACTION | ACTION TO RECEIPT AT ARMY CLERK OF COURT | TOTAL |
| 1993 | 59 | 14 | 73 |
| 1994 | 58 | 16 | 74 |
| 1995 | 63 | 14 | 77 |
| 1996 | 85 | 14 | 99 |
| 1997 | 75 | 19 | 94 |
| 1998 | 108 | 7 | 115 |
| 1999 | 88 | 15 | 103 |
| 2000 | 124 | 39 | 163 |
| 2001 | 116 | 36 | 152 |
| 2002 | 119 | 20 | 139 |
| 2003 | 134 | 17 | 151 |