# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JOSHUA K. BLUEMEL**
**United States Army, Appellant**

ARMY 20180397

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Robert L. Shuck, Military Judge
Colonel Maureen A. Kohn, Staff Judge Advocate (pretrial & recommendation)
Lieutenant Colonel Jeffrey H. Robertson, Acting Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Angela D. Swilley, JA; Captain Joseph C. Borland, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Craig J. Schapira, JA; Captain Karey B. Marren, JA (on brief).

19 February 2020

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

RODRIGUEZ, Judge:

Appellant, a combat medic, pleaded guilty to touching the breasts of numerous trainees under the guise of conducting a breast examination.[1] On appeal,

---

[1] A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of five specifications of attempted abusive sexual contact, and eight specifications of abusive sexual contact, in violation of Articles 80 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 920 [UCMJ]. The military judge sentenced appellant to a dishonorable discharge and confinement for thirteen years. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge and sixty months of

(continued . . .)

appellant requests relief for dilatory post-trial processing, where the convening authority took action 255 days after the court-martial concluded. As we discuss briefly below, we decline to grant relief.

## LAW AND ANALYSIS

Although the length of the delay in appellant's case is presumptively unreasonable, we find appellant has not demonstrated prejudice. *See Barker v. Wingo*, 407 U.S. 514, 530-34 (1972) (setting forth four-factor analysis for establishing Fifth Amendment Due Process violation); *see also United States v. Moreno*, 63 M.J.129, 142 (C.A.A.F. 2006) (holding presumption of unreasonable delay when the convening authority does not take action within 120 days of the completion of trial).

Appellant claimed in his clemency matters and now claims on appeal that the post-trial delay prejudiced his parole eligibility. The acting Staff Judge Advocate (SJA) agreed with appellant's assertion by stating in the Addendum to the SJA Recommendation that "*[t]heoretically*, had the convening authority action . . . occurred within the appellate court 120-day standard from sentencing, [appellant] would have been eligible to apply for parole 101 days earlier than when he will effectively be eligible."[2] (emphasis added). Consistent with the SJA's recommendation, the convening authority noted in his action that he would reduce appellant's sentence to confinement by 101 days if authorized to do so under Article 60, UCMJ.

The acting SJA's "theoretical" and speculative advice to the convening authority on parole eligibility causes concern. First, there is no evidence in the record that appellant was entitled to parole. Second, there is no evidence in the record that the confinement facility would have granted parole to appellant had he

---

(. . . continued)
confinement. The convening authority credited appellant with 437 days against his sentence to confinement (197 days for pretrial confinement credit, and 240 days pursuant to Article 13, UCMJ).

[2] The acting SJA explains in the Addendum that:

> One of the criteria for parole eligibility is having post-trial processing complete through convening authority action under [Rule for Courts-Martial 1107] (with approval of a punitive discharge). A second criteria for parole eligibility is having served at least one-third of the term of confinement. The second criteria was reached on . . . day 172 of post-trial processing.

applied 101 days earlier.  Finally, we find the specific circumstances of this case do not support a due process violation, where:  (1) the record of trial consists of over 2,200 pages; (2) the charges involve thirteen victims with rights to submit matters for the convening authority's consideration; (3) there is a detailed memorandum documenting the post-trial processing; and (4) appellant never asserted the right to speedy post-trial processing.  *See, e.g., United States v. Garman*, 59 M.J. 677, 678 (Army Ct. Crim. App. 2003).

## CONCLUSION

On consideration of the entire record, the findings of guilty and sentence are AFFIRMED.

Senior Judge BURTON and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant JOSHUA K. BLUEMEL**
**United States Army, Appellant**

ARMY 20180397

---
NOTICE OF COURT-MARTIAL ORDER CORRECTION
---

IT IS ORDERED THAT, to reflect the true proceedings at the trial of the above-captioned case,

GENERAL COURT-MARTIAL ORDER NUMBER 59, HEADQUARTERS, U.S. ARMY FIRES CENTER OF EXCELLENCE AND FORT SILL, FORT SILL, OKLAHOMA 73503-5000, dated 3 May 2019,

IS CORRECTED AS FOLLOWS:

BY deleting the initials "N.B.B." in Specification 1, Charge II; Specification 1, Charge III; Specification 1, Charge V; and Specification 1, Charge VI and substituting therefor the initials "B.N.B."

DATE: 19 February 2020

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court