# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant ALBERTO A. SILVA-SADDER**
**United States Army, Appellant**

ARMY 20121164

Headquarters, Fort Carson
Timothy Grammel, Military Judge
Lieutenant Colonel Michael D. Mierau, Jr., Acting Staff Judge Advocate (pretrial)
Colonel Paul J. Perrone, Jr., Staff Judge Advocate (recommendation)
Lieutenant Colonel Stephanie D. Sanderson, Staff Judge Advocate (addendum)

For Appellant:  Captain Patrick J. Scudieri, JA; Frank J. Spinner, Esq., (on brief); Captain Patrick J. Scudieri, JA; Frank J. Spinner, Esq., (on reply brief).

For Appellee:  Major Steven J. Collins, JA; Captain Scott J. Goble, JA (on brief).

27 October 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A panel with enlisted representation, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of aggravated sexual contact, seven specification of abusive sexual contact, four specifications of indecent acts, three specifications of sodomy by force, one specification of assault consummated by a battery, two specifications of possessing child pornography and one specification of kidnapping in violation of Articles 120, 125, 128, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920, 925, 928, 934. (2006 & Supp. III 2010 & Supp. IV 2011).  The panel sentenced appellant to a dishonorable discharge, confinement for thirty-five years, and reduction to the grade of E-1.  The convening authority approved the findings and sentence but waived $350 per month of automatic forfeitures with the direction the money be paid to Ms. NP.

This case is before us pursuant to Article 66, UCMJ. Appellant raises three assignments of error, one of which merits discussion and relief. The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## BACKGROUND

Appellant's court-martial concluded on 22 December 2012. Defense counsel received the record of trial for review on 10 April 2013 and completed review on 22 May 2013. The military judge authenticated the record of trial on 7 June 2013. The staff judge advocate signed his recommendation (SJAR) on 25 June 2013 and served it in conjunction with the authenticated record of trial on appellant's defense counsel on 1 July 2013. Appellant received the authenticated record of trial and SJAR on 17 July 2013. The government received post-trial matters on behalf of the appellant on 16 August 2013. The staff judge advocate signed the addendum on 3 October 2013 and the convening authority took action the same day. This court received the record of trial on 28 January 2014.

The government conceded that it "cannot provide a reasonable explanation for the length of delay from the convening authority's action to the mailing of the [record of trial] to [this court]."

## LAW AND DISCUSSION

In *United States v. Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. 129, 142-43 (C.A.A.F. 2006). The Moreno standard applicable in this case is that a convening authority should take action within 120 days after the trial is completed. *Id*. at 142. Additionally, the record of trial should be docketed with this court within thirty days of the convening authority's action.* *Id.* Failure to satisfy any of these standards creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether appellant's due process rights were violated by the delays. *See Moreno*, 63 M.J. at 136.

Taking over 400 days to process appellant's case from trial completion to docketing at this court is presumptively unreasonable and violates both the standard for timeliness for trial to initial action and initial action to docketing at this court. *Id.* at 142. In the face of this lengthy delay, our next step is to apply and balance the four factors set out in *Barker*, in order to determine whether appellant's due process rights were violated. *Id.* at 136.

---

* One other standard—timeliness of appellate review before this court—is not relevant in appellant's case. *Moreno*, 63 M.J. at 142-43.

The post-trial processing time in appellant's case is 285 days from sentence to action. The government served defense counsel with the record of trial for review 110 days after the conclusion of appellant's trial. Although the government argues sixty days of the delay is attributable to defense counsel for time spent reviewing record of trial and submission of matters pursuant to RCM 1105, we disagree. Defense counsel completed her errata nine days after trial counsel, and the trial counsel received the record of trial one day prior to defense counsel. Additionally, Rule for Courts-Martial 1106(f)(5) automatically grants defense ten days to submit post-trial matters. With twenty-eight days of delay attributable to the defense, the processing time from trial to initial action is 257 days. *See United States v. Garman,* 59 M.J. 677 (Army Ct. Crim. App. 2003). Another 117 days passed from action to receipt by this court. The delay from trial to initial action is more than double the time where this court presumes unreasonable delay in post-trial processing between sentence and action and eighty-seven days beyond what is expected for receipt of this record of trial by this court. *See Moreno*, 63 M.J. at 142 (recognizing a presumption of unreasonable delay in cases where action is not taken within 120 days of the completion of trial and where the record of trial is not docketed at this court within 30 days of action). This facially unreasonable delay triggers our review of the remaining *Moreno* factors: reasons for the delay; timely assertion of the right to speedy post-trial review; and prejudice. *Id.* at 135-36.

The explanation by the chief of military justice outlines several reasons for the delay to include: the "unusually large number of courts-martial cases [sic] that required processing for action at the same time," "an unprecedented number of R.C.M. 1105 submissions in a short period of time," and "the government shutdown." Our superior court has held that "personnel and administrative issues . . .are not legitimate reasons justifying otherwise unreasonable post-trial delay." *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011). We are sympathetic to the staffing problems created by a federal government shutdown; however, according to the government's explanation, the post-trial specialist was out of the office for only four days. There is no specific explanation provided by the government for the delay in this court receiving the case. The reasons for the delay weigh in favor of appellant.

The third *Moreno* factor weighs in favor of the government as the appellant did not assert his right to speedy post-trial processing until this appeal. Turning to the fourth *Moreno* factor, appellant fails to demonstrate prejudice. Although we find no due process violation after consideration of the *Moreno* factors, we review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c). *See Moreno*, 63 M.J. at 138-42; *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). After consideration of the entire record, we conclude appellant's case warrants relief in the form of a forty-five day reduction in confinement under

3

Article 66(c), UCMJ, for the unreasonable and unexplained post-trial delay. *See Tardif*, 57 M.J. at 224.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, we AFFIRM only so much of the sentence as provides for a dishonorable discharge, confinement for thirty-four years and 320 days, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4