# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant DAVID L. STAPLES**
**United States Army, Appellant**

ARMY 20130704

Headquarters, National Training Center and Fort Irwin
Douglas K. Watkins and Timothy P. Hayes, Jr., Military Judges
Lieutenant Colonel Gail A. Curley, Staff Judge Advocate (pretrial)
Lieutenant Colonel Jeffrey A. Miller, Staff Judge Advocate (post-trial)

For Appellant: Captain Brian D. Andes, JA; Mr. William E. Cassara, Esq. (on brief).

For Appellee: Major A.G. Courie III, JA; Captain Scott L. Goble, JA (on brief).

30 October 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of rape, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006 & Supp. V 2012) [hereinafter UCMJ]. Pursuant to his pleas, the military judge convicted appellant of one specification of failure to obey a lawful order[1] and one specification of adultery in violation of Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892, 934 (2006). The military judge sentenced appellant to a dishonorable discharge, confinement for fifteen years, and reduction to the grade of E-1. The convening authority approved the findings and sentence but waived automatic forfeitures for a period of six months with direction that these funds be paid to Mrs. RJ.

---

[1] Appellant pled guilty to the failure to obey a lawful order but excepted the words, "why are you doing this to me, I said I'm sorry." The government offered evidence of the excepted words and the military judge found appellant guilty of the specification except the words, "I said I'm sorry."

STAPLES—ARMY 20130704

This case is before us pursuant to Article 66, UCMJ. Appellant raises three assignments of error, one of which merits discussion and relief. The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## BACKGROUND

Appellant's court-martial concluded on 9 August 2013. Trial counsel and defense counsel received the record of trial for review on 3 December 2013 and completed review on 7 and 19 December 2013, respectively. The military judge authenticated the record of trial on 3 February 2014. The staff judge advocate signed his recommendation (SJAR) on 12 February 2014 and served it in conjunction with the authenticated record of trial on appellant's defense counsel on 14 February 2014. Appellant received the authenticated record of trial and SJAR on 28 February 2014. The government received post-trial matters on behalf of the appellant on 3 April 2014. The staff judge advocate signed the addendum on 18 April 2014 and the convening authority took action the same day. This court received the record of trial on 30 April 2014.

## LAW AND DISCUSSION

In *United States v. Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. 129, 142-43 (C.A.A.F. 2006). The Moreno standard applicable in this case is that a convening authority should take action within 120 days after the trial is completed.[2] *Id*. at 142. Failure to satisfy this standard creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether appellant's due process rights were violated by the delays. *See Moreno*, 63 M.J. at 136.

Taking over 252 days to process appellant's case from trial completion to initial action is presumptively unreasonable and violates the standard for timeliness. *Id.* at 142. In the face of this lengthy delay, our next step is to apply and balance the four factors set out in *Barker*, in order to determine whether appellant's due process rights were violated. *Id.* at 136.

---

[2] Two other standard—timeliness of docketing with this court after initial action and timeliness of appellate review before this court—are not relevant in appellant's case. *Moreno*, 63 M.J. at 142-43.

The post-trial processing time in appellant's case is 252 days from sentence to action. The government served defense counsel with the record of trial for review 116 days after the conclusion of appellant's trial. Defense counsel completed their review of the record and requested speedy post-trial processing in sixteen days, twelve days after the trial counsel. On 14 February 2014, the government served defense counsel with the staff judge advocate recommendation (SJAR), and appellant received the SJAR on 28 February 2014. Thirty-four days elapsed before post-trial matters were submitted to the staff judge advocate,[3] which was 237 days after appellant's trial. Additionally, Rule for Courts-Martial 1106(f)(5) automatically grants defense ten days to submit post-trial matters. With twenty-five days of delay attributable to the defense, the processing time from trial to initial action is 227 days. *See United States v. Garman,* 59 M.J. 677 (Army Ct. Crim. App. 2003). The delay from trial to initial action is 107 days more than where this court presumes unreasonable delay in post-trial processing between sentence and action. *See Moreno*, 63 M.J. at 142. This facially unreasonable delay triggers our review of the remaining *Moreno* factors: reasons for the delay; timely assertion of the right to speedy post-trial review; and prejudice. *Id.* at 135-36.

As to the second *Moreno* factor, the explanation by the SJA is "The only court reporter assigned to Fort Irwin attended the Warrior Leader Course (WLC) from 14 July 2013 to 12 August 2013 and was on leave for approximately two weeks prior to reporting to the course. Upon her return, in addition to transcribing the subject case, she also had to transcribe another contested court-martial which was conducted the day prior to completion of the subject case." Our superior court has held that "personnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay." *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011). The reasons for the delay weigh in favor of appellant.

---

[3] Pursuant to the Fiscal Year 2014 National Defense Authorization Act, Section 1706, the government served the SJAR and record of trial on the victim on 7 March 2014. She then had ten days to submit post-trial matters. On 17 March 2014, the victim, through counsel, submitted post-trial matters for consideration to the convening authority. As this submission by the victim contained new matter pursuant to RCM 1106(f)(7), the government served her submission on the defense, which afforded them ten days to submit additional matters. On 12 March 2014, the defense submitted a twenty-day delay request for submission of post-trial clemency matters, which was approved. The accused submitted his post-trial matters on 8 April 2014, and the convening authority took action on 18 April 2014. Because the defense receives ten days under RCM 1106(f)(5) and 1106(f)(7) to submit post-trial matters and respond to any "new matters," those days do not count as defense delay in our analysis.

STAPLES—ARMY 20130704

The third *Moreno* factor weighs slightly in favor of the government, as the appellant did not assert his right to speedy post-trial processing until 131 days after sentencing.

Turning to the fourth *Moreno* factor, appellant fails to demonstrate prejudice. Although we find no due process violation after consideration of the *Moreno* factors, we review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c). *See Moreno*, 63 M.J. at 138-42; *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). After consideration of the entire record, we conclude appellant's case warrants relief in the form of a thirty day reduction in confinement under Article 66(c), UCMJ, for the unreasonable post-trial delay. *See Tardif*, 57 M.J. at 224.

**CONCLUSION**

The findings of guilty are AFFIRMED. After considering the entire record, we AFFIRM only so much of the sentence as provides for a dishonorable discharge, confinement for fourteen years and eleven months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4