# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JOSE M. MELENDEZ**
**United States Army, Appellant**

ARMY 20140314

Headquarters, 1st Cavalry Division
Rebecca Connally, Military Judge
Colonel R. Tideman Penland, Jr., Staff Judge Advocate (pretrial)
Lieutenant Colonel Michael D. Jones, Acting Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbradt, JA; Captain Amanda R. McNeil, JA (on brief).

For Appellee: Major A.G. Courie, III, JA; Major Steven J. Collins, JA; Captain Tara E. O'Brien, JA (on brief).

30 October 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, consistent with his pleas, of two specifications of attempting to sell military property of a value more than $500, one specification of conspiracy to commit larceny of military property of a value more than $500, one specification of larceny military property of a value more than $500, and one specification of unlawful entry, in violation of Articles 80, 81, 121, and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 912, 934 (2012) [hereinafter UCMJ]. In accordance with the pretrial agreement, the convening authority approved the findings and the adjudged sentence of a bad-conduct discharge and confinement for three months.

This case is before us pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which merits discussion and relief.

## BACKGROUND

Appellant's court-martial concluded on 23 April 2014. Defense counsel received the record of trial for review on 26 August 2014 and completed review the next day. The military judge authenticated the record of trial on 23 October 2014 after returning the record of trial to the court reporter to correct numerous errors. The staff judge advocate signed his recommendation (SJAR) on 29 October 2014 and served it in conjunction with the authenticated record of trial on appellant's defense counsel on 6 December 2014. The government received post-trial matters on behalf of the appellant nine days later. The staff judge advocate signed the addendum on 22 December 2014 and the convening authority took action the same day. This court received the record of trial on 20 February 2015.

## LAW AND DISCUSSION

In *United States v. Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. 129, 142-43 (C.A.A.F. 2006). The Moreno standard applicable in this case is that a convening authority should take action within 120 days after the trial is completed. *Id*. at 142. Additionally, the record of trial should be docketed with this court within thirty days of the convening authority's action.[*] *Id.* Failure to satisfy any of these standards creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether appellant's due process rights were violated by the delays. *See Moreno*, 63 M.J. at 136.

Taking over 300 days to process appellant's case from trial completion to docketing at this court is presumptively unreasonable and violates both the standard for timeliness from trial to initial action and initial action to docketing at this court. *Id*. at 142. In the face of this lengthy delay, our next step is to apply and balance the four factors set out in *Barker*, in order to determine whether appellant's due process rights were violated. *Id*. at 136.

The post-trial processing time in appellant's case is 243 days from sentence to action. The government served defense counsel with the eighty-seven page record of trial for review 125 days after the conclusion of appellant's trial. The lack of any delay on the part of the defense rests the dilatory post-trial processing at the feet of the government. *See* Rule for Courts-Martial 1106(f)(5) and *United States v. Garman,* 59 M.J. 677 (Army Ct. Crim. App. 2003). Another 61 days passed from action to receipt by this court. The delay from trial to initial action is more than double both the time where this court presumes unreasonable delay in post-trial

---

[*] One other standard—timeliness of appellate review before this court—is not relevant in appellant's case. *Moreno*, 63 M.J. at 142-43.

processing between sentence and action and what is expected for receipt of this record of trial by this court. *See Moreno*, 63 M.J. at 142 (recognizing a presumption of unreasonable delay in cases where action is not taken within 120 days of the completion of trial and where the record of trial is not docketed at this court within 30 days of action). This facially unreasonable delay triggers our review of the remaining *Moreno* factors: reasons for the delay; timely assertion of the right to speedy post-trial review; and prejudice. *Id.* at 135-36.

The explanation by the senior installation court reporter outlines several reasons for the delay to include: heavy caseload, transcription back-ups, the military judge's corrections to the record, and operational deployments. Our superior court has held that "personnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay." *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011). Operational deployments under certain circumstances can justify a delay. *United States v. Bauerbach*, 55 M.J. 501, 507 (Army Ct. Crim. App. 2001). There is no specific explanation provided by the government for the delay in this court receiving the case. The reasons for the delay weigh in favor of appellant.

The third *Moreno* factor weighs in favor of the appellant; he asserted his right to speedy post-trial processing multiple times. Turning to the fourth *Moreno* factor, appellant fails to demonstrate prejudice. Although we find no due process violation after consideration of the *Moreno* factors, we review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c). *See Moreno*, 63 M.J. at 138-42; *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). After consideration of the entire record, we conclude appellant's case warrants relief in the form of a thirty day reduction in confinement under Article 66(c), UCMJ, for the unreasonable post-trial delay. *See Tardif*, 57 M.J. at 224.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, we AFFIRM only so much of the sentence as provides for a bad-conduct discharge and confinement for two months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3