# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HERRING, BURTON, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant JEFFREY L. MCBRIDE**
**United States Army, Appellant**

ARMY 20130875

Headquarters, Joint Readiness Training Center and Fort Polk
Randall L. Fluke and Wade N. Faulkner, Military Judges
Colonel Samuel A. Schubert, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Payum Doroodian, JA; (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major A.G. Courie III, JA; Captain John Gardella, JA (on brief).

30 November 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial, convicted appellant, contrary to his pleas, of failure to obey a lawful order, damage to property of the United States other than military property, two specifications of aggravated sexual contact with a child, three specifications of abusive sexual contact with a child, five specifications of aggravated sexual abuse of a child, and two specifications of assault consummated by a battery in violation of Articles 92, 109, 120, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 909, 920, 928 (2006, 2012) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for sixteen years, and a reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

This case is before us pursuant to Article 66, UCMJ.  Appellant raises three assignments of error, one of which merits discussion and relief.  The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## BACKGROUND

Appellant's court-martial concluded on 9 October 2013. Defense counsel received the record of trial for review on 12 February 2014 and completed his review on 18 February 2014. The military judge authenticated the record of trial on 6 March 2014.[1] The staff judge advocate signed his recommendation (SJAR) on 18 March 2014 and served it in conjunction with the authenticated record of trial on appellant's defense counsel on 26 March 2014. Appellant received the authenticated record of trial and SJAR on 11 April 2014. The government received post-trial matters on behalf of the appellant on 16 May 2014. The staff judge advocate signed the addendum on 11 June 2014 and the convening authority took action the same day. This court received the record of trial on 30 July 2014.

## LAW AND DISCUSSION

In *United States v. Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. 129, 142-43 (C.A.A.F. 2006). The *Moreno* standard applicable in this case is that the record of trial should be docketed with this court within thirty days of the convening authority's action.[2] *Id.* Failure to satisfy this standard creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether appellant's due process rights were violated by the delays. *See Moreno*, 63 M.J. at 136.

Taking forty-nine days to docket appellant's case at this court is presumptively unreasonable as it violates the *Moreno* standard of thirty days. *Id.* at 142. In the face of this lengthy delay, our next step is to apply and balance the four factors set out in *Barker*, in order to determine whether appellant's due process rights were violated. *Id.* at 135-36.

The lack of any delay on the part of the defense for docketing appellant's case with this court rests the dilatory post-trial processing at the feet of the government. *See* Rule for Courts-Martial 1106(f)(5) and *United States v. Garman,* 59 M.J. 677 (Army Ct. Crim. App. 2003). This facially unreasonable delay triggers our review of

---

[1] The first Military Judge completed authenticated the Record of Trial on 19 February 2014; however the second Military Judge did not authenticate the record of trial until 6 March 2014.

[2] Two other standards—initial action by the convening authority after the court-martial and timeliness of appellate review before this court—are not relevant in appellant's case. *Moreno*, 63 M.J. at 142-43.

the remaining *Moreno* factors: reasons for the delay; timely assertion of the right to speedy post-trial review; and prejudice. *Moreno*, 63 M.J. at 135-36.

There is no specific explanation provided by the government for the delay in this court receiving the case. The lack of justification for the delay weighs in favor of appellant. The third *Moreno* factor weighs in favor of the government as the appellant did not assert his right to speedy post-trial processing until this appeal. Turning to the fourth *Moreno* factor, appellant fails to demonstrate prejudice. Although we find no due process violation after consideration of the *Moreno* factors, we review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c). *See Moreno*, 63 M.J. at 138-42; *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). After consideration of the entire record, we conclude appellant's case warrants relief in the form of a thirty day reduction in confinement under Article 66(c), UCMJ, for the unreasonable post-trial delay. *See Tardif*, 57 M.J. at 224.

**CONCLUSION**

The findings of guilty are AFFIRMED. After considering the entire record, we AFFIRM only so much of the sentence as provides for a dishonorable discharge, confinement for fifteen years and 11 months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court