**CORRECTED COPY**

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**PRIVATE E2[1] LARRY M. FOSTER**
**United States Army, Appellant**

ARMY 20130799

Headquarters, 7th Infantry Division
Stefan R. Wolfe, David L. Conn, and Jeffrey D. Lippert, Military Judges
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate (pretrial)
Colonel Robert F. Resnick, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major M. Patrick Gordon, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Captain Scott L. Goble, JA (on brief).

21 December 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

An officer panel, sitting as a general court-martial, convicted appellant, contrary to his pleas, of absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2012) [hereinafter UCMJ].[2] The panel sentenced appellant to a bad-conduct discharge, confinement for twelve months,

---

[1] Corrected.

[2] Appellant voluntarily and willfully absented himself from his unit and was not present in court. Therefore appellant waived his right to be present for his court-martial, and the court-marital proceeded against appellant in absentia. Pursuant to Rule for Court-Martial [hereinafter R.C.M.] 910(b), the military judge entered a plea of not guilty on behalf of appellant.

forfeiture of all pay and allowances, and reduction to Private E-1. The convening authority approved the findings and sentence and granted appellant three days of confinement credit.

This case is before us pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which merits discussion and relief. The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.[3]

## BACKGROUND

Appellant's court-martial concluded on 13 September 2013. Trial counsel and defense counsel received the record of trial for review on 28 July 2014. The defense counsel completed review on 15 August 2014. The military judge authenticated the record of trial on 9 September 2014.[4] The staff judge advocate signed the recommendation (SJAR) on 16 September 2014 and served it in conjunction with the authenticated record of trial on defense counsel on the same day. On 17 September 2014, the government mailed the authenticated record of trial and SJAR to the last known address on record for appellant. The government dropped appellant from the rolls prior to the completion of post-trial appellate rights and no post-trial matters were submitted. The staff judge advocate signed the addendum on 30 January 2015. The government served the addendum on appellant's trial defense counsel and the regional trial defense counsel at Joint Base Lewis-McChord on 4 February 2015. Appellant's trial defense counsel separated from the Army upon completion of his obligated service. No other attorney was detailed to this case. Post-trial matters were still not submitted on behalf of appellant. The convening authority took action on 23 February 2015. This court received the record of trial on 2 March 2015.

## LAW AND DISCUSSION

In *United States v. Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. 129, 142-43 (C.A.A.F. 2006). The *Moreno* standard applicable in this case is that

---

[3] Law enforcement apprehended appellant prior to appellate review by this court.

[4] Three military judges were required to authenticate the record. This date reflects the final authentication.

a convening authority should take action within 120 days after the trial is completed.[5] *Id*. at 142. Failure to satisfy this standard creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether appellant's due process rights were violated by the delays. *See Moreno*, 63 M.J. at 136.

The post-trial processing time in appellant's case is 528 days from sentence to action. This delay is presumptively unreasonable. *Id*. at 142. In the face of this lengthy delay, our next step is to apply and balance the four factors set out in *Barker*, in order to determine whether appellant's due process rights were violated. *Id*. at 136.

The government served defense counsel with the record of trial for review 318 days after the conclusion of appellant's trial. Rule for Courts-Martial 1106(f)(5) automatically grants defense ten days to submit post-trial matters. Therefore, there is no delay attributable to the defense, and the processing time from trial to initial action remains 528 days. *See United States v. Garman,* 59 M.J. 677 (Army Ct. Crim. App. 2003). The delay from trial to initial action is 408 days more than where this court presumes unreasonable delay in post-trial processing between sentence and action. *See Moreno*, 63 M.J. at 142. This facially unreasonable delay triggers our review of the remaining *Moreno* factors: reasons for the delay; timely assertion of the right to speedy post-trial review; and prejudice. *Id*. at 135-36.

As to the second *Moreno* factor, the chief of justice explained "despite being reactivated on 1 October 2012 with only skeleton staffing levels, the 7th Infantry Division was the busiest single [General Court-Martial Convening Authority] in the Army that did not also cover a garrison population during the 2013 and 2014 fiscal years. This caused a large backlog during the 2014 and 2015 fiscal years. The 7th Infantry Division was heavily reliant upon I Corps OSJA for court-reporting and transcription services. This caused increased transcription times for all 7th Infantry Division cases." We are cognizant of the fact that this case caused additional complications as the appellant was tried in absentia and appellant's defense counsel separated from the Army; however the bulk of the delay was for transcription. Our superior court has held that "personnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay." *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011). The reasons for the delay weigh in favor of appellant.

---

[5] Two other standards—timeliness of docketing with this court after initial action and timeliness of appellate review before this court—are not relevant in appellant's case. *Moreno*, 63 M.J. at 142-43.

The third *Moreno* factor weighs in favor of the government, as the appellant did not assert his right to speedy post-trial processing.

Turning to the fourth *Moreno* factor, there is no prejudice demonstrated. Although we find no due process violation after consideration of the *Moreno* factors, we review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c). *See Moreno*, 63 M.J. at 138-42; *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). After consideration of the entire record, we conclude appellant's case warrants relief in the form of a thirty-day reduction in confinement under Article 66(c), UCMJ, for the unreasonable post-trial delay. *See Tardif*, 57 M.J. at 224.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, we AFFIRM only so much of the sentence as provides for a bad-conduct discharge, confinement for eleven months, total forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court