# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ANTHONY M. MANLEY**
**United States Army, Appellant**

ARMY 20140381

Headquarters, United States Army Alaska
Douglas Watkins, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate (pretrial)
Colonel Erik L. Christiansen, Staff Judge Advocate (post-trial)

For Appellant: Colonel Kevin Boyle, JA; Major Amy Nieman, JA; Captain Brian D. Andes, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Major Diara Andres, JA USAR (on brief).

22 December 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial, convicted appellant, in accordance with his pleas, of two specifications of sexual assault of a child , in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge and confinement for twenty months. In accordance with the pretrial agreement, the convening authority approved only eighteen months of confinement but otherwise approved the findings and sentence as adjudged.

This case is before us pursuant to Article 66, UCMJ. Appellant raises one assignment of error which merits discussion and relief.

**BACKGROUND**

Appellant's court-martial concluded 12 May 2014. On 30 June 2014, trial defense counsel and trial counsel received the record of trial for review. Trial counsel completed review on 2 July 2014 and trial defense counsel followed fourteen days later. On 22 July 2014, the military judge authenticated the record of trial. The staff judge advocate signed his recommendation (SJAR) on 24 September 2014. Appellant received the authenticated record of trial and SJAR on 25 October 2014. The government received post-trial matters on behalf of the appellant on 17 November 2014, however the record has no request for a twenty-day extension from trial defense counsel pursuant to R.C.M. 1005(c)(1). The staff judge advocate signed the addendum on 15 December 2014 and the convening authority took action the same day.

**LAW AND DISCUSSION**

In *United States v. Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. 129, 142-43 (C.A.A.F. 2006). The *Moreno* standard applicable in this case is that a convening authority should take action within 120 days after the trial is completed.[1] *Id*. at 142. Failure to satisfy this standard creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether appellant's due process rights were violated by the delays. *See Moreno*, 63 M.J. at 136.

The post-trial processing time in appellant's case is 204 days from sentence to action. This delay is presumptively unreasonable. *Id*. at 142. In the face of this lengthy delay, our next step is to apply and balance the four factors set out in *Barker*, in order to determine whether appellant's due process rights were violated. *Id*. at 136.

Appellant's trial defense counsel took fourteen days longer than the trial counsel for trial transcript errata. The government served appellant with the record of trial for review 166 days after the conclusion of appellant's trial. Rule for Courts-Martial 1106(f)(5) automatically grants defense ten days to submit post-trial matters. Trial defense counsel submitted post-trial matters thirteen days after their automatic due date. Therefore, defense is responsible for twenty-seven days of post-trial processing, and the government's processing time from trial to initial action is

---

[1] Two other standard—timeliness of docketing with this court after initial action and timeliness of appellate review before this court—are not relevant in appellant's case. *Moreno*, 63 M.J. at 142-43.

177 days. *See United States v. Garman,* 59 M.J. 677 (Army Ct. Crim. App. 2003). The delay from trial to initial action is fifty seven days more than where this court presumes unreasonable delay in post-trial processing between sentence and action. *See Moreno*, 63 M.J. at 142. This facially unreasonable delay triggers our review of the remaining *Moreno* factors: reasons for the delay; timely assertion of the right to speedy post-trial review; and prejudice. *Id.* at 135-36.

As to the second *Moreno* factor, the explanation by the chief of military justice was a lack of personnel and experience in post-trial processing. Our superior court has held that "personnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay." *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011). The reasons for the delay weigh in favor of appellant.

The third *Moreno* factor weighs slightly in favor of the government, as the appellant did not assert his right to speedy post-trial processing until 189 days after sentencing.

Turning to the fourth *Moreno* factor, appellant fails to demonstrate prejudice. Although we find no due process violation after consideration of the *Moreno* factors, we review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c). *See Moreno*, 63 M.J. at 138-42; *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). After consideration of the entire record, we conclude appellant's case warrants relief in the form of a thirty-day reduction in confinement under Article 66(c), UCMJ, for the unreasonable post-trial delay. *See Tardif*, 57 M.J. at 224.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, we AFFIRM only so much of the sentence as provides for a dishonorable discharge and confinement for seventeen months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See UCMJ arts. 58b(c) and 75(a).*

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court